Long v. Wheeler.

---

I. N. LONG, Respondent, v. WILLIAM N. WHEELER, Appellant.

Kansas City Court of Appeals, April 2, 1900.

1. **Covenants for Title: ATTORNEYS' FEES: COVENANTOR'S LIABILITY.** Attorneys' fees paid by a covenantee in resisting a paramount title may be recovered of the covenantor.

2. ———: ———: ———: **NOTICE.** A covenantor should have notice of the assertion of a paramount title as his covenant is not to pay for the defense but himself to defend against such title.

3. ———: ———: ———: ———. Where a covenantor though not notified becomes aware of an action asserting a paramount title and at once employs able counsel to defend, he is not liable for counsel fees incurred by the covenantee.

4. ———: **EXPENSE.** Where a covenantor on a trial uses documents procured and paid for by the covenantee he is liable therefor.

Long v. Wheeler.

Appeal from the Linn Circuit Court.—*Hon. J. P. Butler,* Judge.

AFFIRMED *si.*

*H. K. & H. J. West* for appellant.

(1) The measure of damages, in this state, for breach of the covenants contained in an ordinary warranty deed, when the covenantee extinguishes the outstanding paramount title, is the amount reasonable and necessarily paid for said outstanding title with interest and legal costs. Mathney v. Stewart, 108 Mo. 73, 79; Hutchins v. Roundtree, 77 Mo. 500, 508; Dickson v. Desire's Adm'r, 23 Mo. 157, 167; Hall v. Bray, 51 Mo. 288. See cases cited 8 Am. and Eng. Ency. of Law [2 Ed.], p. 190. In other states attorney fees are not allowed. 8 Am. and Eng. Ency. of Law [2 Ed.], p. 191; 8 Am. and Eng. Ency. of Law [2 Ed.], p. 192; Barlow v. Delaney, 40 Fed. Rep. 97. (2) See, also, 3 Ballard's Law of Real Property, sec. 123. Appellant insists that under the rule adopted in Missouri, attorney fees and other expenses (except legal costs) are not allowed, and that under no circumstances, can such fees and expenses be allowed in this state when the covenantee fails to notify the covenantor of the adverse suit and requests him to defend it. 8 Am. and Eng. Ency. of Law [2 Ed.], p. 191. (3) They are not recoverable when the covenantor accidentally learns of the adverse suit and thereupon defends. (4) They are not recoverable, when such fees and expenses are incurred, not only in making a defense to the adverse suit, but also in an attempt to secretly obtain an undue advantage of the covenantor by means of such adverse suit.

*Lander, Johnson & Lander* for respondent.

(1) Appellant's contention that Wheeler had no notice of the ejectment suit in Chariton County v. Long, for

part of the land Wheeler sold to Long, is not well taken; in view of the facts of the early conference of Wheeler and Long relative to the ejectment and other suits to get the title from Chariton county, and the further fact that Wheeler by his attorneys, participated in the ejectment trial. On the facts in the case, Wheeler acquiesced in all Long was doing to protect himself against the adverse title asserted by Chariton county, and should be estopped to say anything to the contrary. (2) The law is, that the covenantee in possession, must deal fairly with his covenantor, and even though the covenantor give the covenantee notice not to make defense against the adverse claimant, yet the covenantee is justified in making every reasonable defense to protect himself, and his covenantor. Matheny v. Stewart, 108 Mo. 80. (3) If the covenantee in possession (as in this case), surrenders possession to the adverse claimant, he does so at his own peril; if he defends the action of the paramount claimant of title, then the covenantee may recover against covenantor the reasonable expenses incurred, including a reasonable attorney's fee. This rule is supported by the great weight of authorities in this country. See 8 Am. and Eng. Ency. [2 Ed.], p. 190, and note 1, at p. 191, where all the authorities are collated. In Missouri, while it is the rule in all the trial courts to allow attorney's fees, as part of the damages, the appellate courts have settled no other rule. In Matheny v. Stewart, 108 Mo. 73, the Supreme Court refused attorney's fees because the deed and covenant sued on, was made in Mississippi and should be governed by the rule in that state. But Johnson v. Meyers, 34 Mo. 255, is in line with the weight of authorities. (4) Notice to covenantor of adverse action is for the purpose of concluding the covenantor by the judgment as to the title to the land. Recovery on covenants of title may be had without any notice to covenantor of adverse suit; the want of notice only

imposes on covenantee the burden of showing paramount outstanding title, aside from the judgment in ejectment. Wheelock v. Overshiner, 110 Mo. 108.

ELLISON, J.—This action is for expenses and $600 attorneys' fees charged to have been expended in defending title to 240 acres of land conveyed to plaintiff by defendant. The trial court found for plaintiff $70 expenses and $200 attorneys' fee.

Prior to the litigation herein referred to, Chariton county was the owner of large tracts of what are known as "swamp lands." In a general way, the present controversy relates to 560 acres of these lands in two tracts, one of 240 acres and the other of 320 acres. The equitable title to these lands was transferred by mesne transfers to this defendant. Defendant afterwards sold the 240 acres to plaintiff by general warranty deed. The county brought an ejectment suit against the plaintiff for 120 acres of this 240 acres, and included in the suit the 320 acre tract which defendant had not conveyed to plaintiff, but which plaintiff claimed to own. It does not appear why the county did not include all of the 240 acres in the ejectment suit.

Shortly after this ejectment suit was instituted, plaintiff brought suit in equity against the county for decree of title to both tracts. Soon after the institution of this equity suit, defendant brought his suit in equity against the county and this plaintiff for decree of title to the 320 acre tract. The judgment in the trial court only included expenses and counsel fees in the ejectment suit. Expenses and fees for the equity suit were not allowed and no complaint is made.

It will be observed that this plaintiff was plaintiff in one suit against the county for decree of title to both tracts, one of which was not conveyed or warranted to him by defendant. That he was defendant in the ejectment suit brought

by the county for one-half the land which defendant did convey and warrant to him, and for the 320 acre tract. And that he was co-defendant with the county in the equity suit which defendant brought for decree of title to the 320 acre tract which he claimed. The record shows that defendant was not notified by plaintiff of his equity suit against the county whereby he was seeking a decree of title to both tracts. And that neither was he notified of the ejectment suit brought by the county against plaintiff for one-half the lands he had conveyed and warranted to plaintiff.

In each of these cases plaintiff employed his own attorneys consisting of three separate firms. This defendant, as soon as he learned that the title which he had conveyed to plaintiff was attacked by the county, employed Mr. Huston (who, witnesses stated, was abundantly able and competent to attend to that or any other litigated question) to defend the title. At this point in the consideration of the case it becomes somewhat complicated from the fact that plaintiff's attorneys were employed not only to protect plaintiff in the title which defendant had conveyed to him, but also to protect him in the title to lands which defendant had not conveyed to him. And that defendant employed his attorney not only to protect plaintiff in the lands he had conveyed to him, but also to obtain decree of title to the 320 acre tract claimed by the county and this plaintiff, and with which defendant's warranty was not concerned. The facts are that all consulted together and that all three of the cases were tried together, all the attorneys participating and rendering valuable service.

1. The authorities are in conflict on the question whether attorneys' fees paid by a covenantee in resisting an assertion of paramount title can be recovered of the covenantor. In this state it is settled that they can be. Hazelett v. Woodruff, 150 Mo. 534.

2.    But as a prerequisite to such liability the coven-
antee should notify the covenantor of the proceeding against
him.    The cases are also not in harmony on this question.
But they "suggest as a rule to be deduced from them that
the plaintiff's right to recover counsel fees as a part of his
costs should, in general, be limited to cases where he has
properly notified the party bound by the covenant to come
in and defend the title, but that the neglect or silence of the
latter should inure to the benefit of the plaintiff rather than
to his own."    Rawle on Covenants, sec. 200.    This view
was rather assumed and not decided in Hutchins v. Round-
tree, 77 Mo. 500, 508, and it is supported by Chestnut v.
Tyson, 105 Ala. 149; Yokum v. Thomas, 15 Iowa, 67;
Crisfield v. Storr, 36 Md. 129; Mercantile Trust Co. v. South
Park, 94 Ky. 271, 279; Fulweiler v. Bangher, 15 S. & R.
55; Terry v. Drabenstadt, 60 Pa. St. 400; Finton v. Egels-
ton, 61 Hun. 246; Sammis v. Sammis, 14 R. I. 122.    The
case of Wheelock v. Overshiner, 110 Mo. 100, does not re-
late to the point here involved.

We think it is the better rule and more consistent with
the covenant.    For the covenant is not, in terms, that the
covenantor will pay all expenses of defense of paramount
title, but that he will himself defend against the paramount
title.    He should therefore be given an opportunity to de-
fend by notice of the action.    Furthermore, as is intimated in
some of the foregoing authorities, it may be that the breach
of covenant is of such nature that the covenantor would
willingly adjust it without litigation.

3.    But in this case defendant, though not notified, be-
came aware of the action against plaintiff asserting para-
mount title and immediately came in and employed the
counsel aforesaid to defend the action.    In such circumstan-
ces, the defendant should not be held for any counsel fees

incurred by the plaintiff.　Kennison v. Taylor, 18 N. H. 220; Conrad v. Effinger, 87 Va. 59.

4.　But as plaintiff went to the expense of $70 in procuring necessary documentary evidence which was used in the trial and which defendant necessarily adopted as his own, he should be held liable for that much of the judgment rendered against him.

The judgment will therefore be affirmed if plaintiff will, within fifteen days remit $200 allowed as attorneys' fees; otherwise it will be reversed and remanded.　*Smith, P. J.*, concurs; *Gill, J.*, absent.