JOHN B. REINHALTER *vs.* GEORGE T. HUTCHINS.

WASHINGTON—DECEMBER 30, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)   *Covenants of Warranty.   Covenants Running with Land.   Covenants in Præsenti.   Covenants of Seisin.*

Real covenants *in præsenti*, which are broken, if at all, at the instant of their creation do not run with the land, but are mere rights of action available only to the grantee or his personal representatives.   These include the covenant of seisin.

Covenants *in præsenti* do not require the eviction of the covenantee under a paramount title to constitute a breach; and so, in an action on the covenant for seisin, it is unnecessary either to aver an eviction or lay special damages.

(2)   *Purchase Money Mortgages.   Covenants of Warranty.   Estoppel.*

Covenants in a mortgage given to secure purchase money will not estop the mortgagor, where the deed and mortgage are one and the same transaction, from suing on the covenants of the deed.

(3) *Covenants of Warranty.   Rebutter.   Mortgages.*

The common-law doctrine of rebutter may be in general regarded as foreign
to the practice of this State, and has no application as a defence to an action
of covenant brought by the mortgagor in a purchase-money mortgage
against his grantor, the mortgagee, for breach of the covenant of seisin
contained in his deed to his grantee, the mortgagor, both of which deeds
contain like covenants.

COVENANT.   Heard on plaintiff's demurrer to defendant's
second plea, and demurrer sustained.

DUBOIS, J.   This action is brought to recover damages from
the defendant for breach of the covenant of seisin contained in
his deed to the plaintiff, dated September 13, 1899, whereby,
in consideration of the sum of five thousand dollars, he con-
veyed to the plaintiff three tracts of land, whereof the third
tract is therein described as being that parcel of land situated
between the aforesaid two tracts of land, formerly a public
highway, and which reverted to said George T. Hutchins as
the owner of the said first two tracts of land.   The plaintiff
avers that when the defendant made and executed the said deed
he was not seised in fact of said third tract of land, in fee; and
that he had not good and lawful authority to sell and dispose
of said third tract of land; that in fact he was not the lawful
owner of said third tract of land, and that the plaintiff can not
by force of said deed lawfully possess and enjoy the same
according to the defendant's covenants.

To this the defendant pleads *actio non*, because he says that,
at the time of the execution of the deed in the plaintiff's dec-
laration described, he was lawfully seised of the said several
tracts and parcels of land in said declaration mentioned; and
secondly, *actio non*, because he says that, at the time of the
execution of the deed by said defendant to said plaintiff as
alleged in said declaration, on, to wit, said thirteenth day of
September, 1899, by his mortgage deed of that day, duly
signed, stamped, acknowledged, executed, delivered, and re-
corded, in consideration of the sum of three thousand four
hundred and fifty dollars, part of said five thousand dollars,
the purchase money named in said declaration, bargained and

sold to the said defendant, by way of mortgage as security for the payment of said sum, the same three certain tracts and parcels of land in said declaration named. And the said plaintiff by the same mortgage deed therein covenanted with the said defendant that at the time of the ensealing of the mortgage deed aforesaid he, the said plaintiff, was seised in fee of all the aforesaid lands and that he was the lawful owner of the said bargained premises, and that he had good right and lawful authority to sell and dispose of the said tracts of land, in manner as aforesaid, to the defendant, to hold the same as a good estate in fee simple.

The plaintiff joins issue with the defendant on his first plea, and demurs to the second upon the ground that the facts therein stated do not constitute a defence to the plaintiff's action.

The defendant claims that these pleadings raise the following question for determination by the court: "The plaintiff showing no disseisin or interference with his possession of the premises which he mortgaged to his grantor for a large part of the purchase money, with covenants identical with those in the deed of his grantor to him, can he maintain an action for covenant broken against his grantor and mortgagee?"

We are of the opinion that the question to be answered is: Can the mortgagor in a purchase money mortgage maintain covenant, against his grantor the mortgagee, for breach of the covenant of seisin contained in his deed to his grantee the mortgagor, both of which deeds contain like covenants, before his eviction from the premises under a paramount title?

(1)    There has been some confusion in the definition and classification of covenants for title. It has been said that all covenants for title, until breach, run with the land; that they are *in præsenti* or *in futuro*, as the case may be; that some are personal, and others real, etc., etc. The ancient and modern decisions upon the subject are not harmonious. But the weight of American authority is in favor of the position that real covenants *in præsenti* do not run with the land, and that covenants *in futuro* do so run. Those which are broken, if at all, at the instant of their creation, do not run with the land,

because they were never connected with it and may be termed personal covenants; for they are mere rights of action, not assignable at law, and are available only to the grantee himself or to his personal representatives. They are the covenants of seisin, of right to convey, and, in most jurisdictions, the covenant against incumbrances. Those which may be broken afterward do run with the land until breach and may be termed real covenants, and while unbroken pass with the land to heirs, devisees, and assigns. They are the covenants of warranty, for quiet enjoyment, and for further assurance. But when broken they also cease to savor of the realty and become mere choses in action. Raw. Cov. 5th ed. § 205; 8 Am. & Eng. Ency. L. 2d ed. p. 151. The covenants that run with the land require the eviction of the covenantee under a paramount title to constitute a breach thereof. 8 Am. & Eng. Ency. L. 2d ed. p. 98. The covenants *in præsenti* do not. It is well settled that in an action on the covenant for seisin it is unnecessary either to aver an eviction or lay any special damage. A distinction thus exists, as respects the pleadings, between the covenant for seisin (with which may be classed the covenant for right to convey) and the other covenants for title; as, in suing upon the latter, it seems in the first place generally necessary that the incumbrance or paramount title should be particularly specified in the declaration, as well, perhaps, as the results which it has caused. Raw. Cov. 5th ed. § 62.

In Ohio, however, the covenant of seisin may be *in præsenti*, or *in futuro*, personal or real, depending entirely upon the fact of possession of the land by the grantor at the time of the execution of the deed. As stated by the court in *Devore* v. *Sunderland*, 17 Ohio, 52: "If the grantor be in actual possession, claiming adversely, the covenant of seisin runs with the land, and is not broken until the purchaser, or those claiming under him, are evicted by paramount title. But if the grantor is not in actual possession, and has not title, the covenant of seisin is instantly broken, and is personal." The Ohio doctrine is an exception to the general rule and has been

severely criticised. See note by reporter in case of *Foote* v. *Burnet*, 10 Ohio, 317, at p. 319.

The other cases cited by the defendant are not in point.

The case of *Grannis* v. *Clark*, 8 Cowen (N. Y.), 36, at p. 42, holds that in all cases where an eviction must be stated it is necessary to aver that the eviction was had under a lawful title which existed before or at the date of the grant to the plaintiff. The case before us is not one in which an eviction must be stated.

The Alabama cases, *Stewart* v. *Anderson*, 10 Ala. 504, and *Jones* v. *Reese*, 65 Ala. 134, decide that the implied warranty in a mortgage estops a mortgagor from setting up a title, acquired subsequently to the execution of the mortgage, to defeat his mortgagee, and that a mortgagor can not dispute his mortgagee's title, nor can he, while in possession, bar his title by fine or recovery.

Neither of these cases appears to have been founded upon a purchase money mortgage, which, as will appear later, constitutes an exception to the general rule.

The case of *Marsh* v. *Thompson*, 102 Ind. 272, determines that no man is compelled to accept a defective title when he has bargained for or has reason to expect a good title; but if a defective title is accepted, and possession is taken under it, under circumstances which do not entitle the purchaser to a rescission, such purchaser has no claim for anything more than nominal damages until eviction, either actual or constructive, occurs. While it is not necessary to include the question of damages in the consideration of the demurrer, we do not criticise this opinion. It therefore appears that it was unnecessary for the plaintiff to aver an eviction or interference with his possession of the premises.

But in cases like this it is sometimes urged that the plaintiff, being a mortgagor remaining in possession of the mortgaged premises, either is estopped by the covenants in the mortgage deed to deny the title of the defendant the mortgagee, or that, the defendant having a precisely similar demand against the plaintiff, on which he will be entitled to recover, it should operate as a rebutter to the demand of the plaintiff, to avoid

circuity of action.  See *Haynes* v. *Stevens*, 11 N. H. 28; and *Sumner* v. *Barnard*, 12 Met. 459.

(2)    The plaintiff has brought this action for breach of the defendant's covenant of seisin.

If that covenant was broken by the defendant it was broken as soon as the deed containing it was delivered to the plaintiff, and forthwith vested a right of action in the plaintiff.  It did not pass to the defendant by virtue of the plaintiff's deed of mortgage to him.  By what, then, is the plaintiff estopped from asserting that right?  The defendant claims that it is by virtue of the plaintiff's covenant for seisin in his mortgage deed to the defendant.

An estoppel is, in substance, an admission made by the party, in relation to the subject-matter; and, having admitted the fact, he can not controvert it, but is bound by the admission.  *Haynes* v. *Stevens, supra,* at p. 32.  Adopting the line of reasoning used in that case:  How far, then, is the covenant for seisin, in the deed of mortgage, an admission that the defendant was seised when he executed his deed to the plaintiff?

The plaintiff's covenant is a direct allegation that he was seised in fee of lands conveyed when he made his deed; but it is no admission that the defendant was so seised when he made his deed.  How does this covenant estop him from showing that the defendant was not seised when he conveyed?  It would not estop him from showing that he was seised, at the date of his own deed, in a suit against him upon this covenant.  It does not logically follow that the defendant had seisin, when he conveyed, from the fact that the plaintiff had seisin when he reconveyed.  The deeds were different and independent instruments, and executed for different purposes; and we do not see how the covenants in the two deeds have any necessary connection with each other.  The defendant's deed must have preceded the plaintiff's deed.  A warranty of title by the plaintiff does not prove that the defendant had title when he conveyed.  The fact that the plaintiff had a title when he thus reconveyed is perfectly consistent with the fact that the defendant had not a title when he conveyed to the plaintiff.  Could it be said, if the defendant had mortgaged

the land and then conveyed to the plaintiff, who mortgaged to the defendant, and then the plaintiff had extinguished the first mortgage, that the plaintiff should not recover of the defendant the sum he had thus paid, because his mortgage contained a covenant against incumbrances? True, he covenants against incumbrances, but it is against those of his own creation, and not such as the defendant may have charged upon the land.

"The rule that a grantor is estopped by his deed with covenants to dispute his grantee's title applies, of course, to mortgages, as in case of other conveyances. But it seems to be a well-settled principle that the covenants in a mortgage given to secure purchase money will not estop the mortgagor, where the deed and mortgage are one and the same transaction, from suing on the covenants of the deed." Am. & Eng. Ency. L. 2d ed. vol. 11, pp. 402, 403.

"A reconveyance to the covenantor by way of a purchase money mortgage containing similar covenants is not a release or discharge of his covenants." Am. & Eng. Ency. L. 2d ed. vol. 8, p. 168.

We are unable to perceive, therefore, how the plaintiff can be precluded from maintaining this action by an application of the doctrine of estoppel.

(3)    As to the theory that the plaintiff's covenant may operate by way of rebutter in this suit to prevent circuity of action, we suggest that where there is no circuity of action there is no rebutter. Circuity of action is where a recovery in the first suit alone gives rise to the second. 4 Dane Abr. 495; Co. Lit. 265 a, 378, 384, 386; *Bates* v. *Norcross*, 17 Pick. 14.

In either sort of warranty, lineal or collateral, if the warrantor should implead the warrantee, the latter (the tenant) might show the warranty and demand judgment whether, contrary to the warranty, the warrantor should be suffered to demand the thing warranted; and this was called a rebutter. This rebutter was given as a defence to the title, to avoid circuity of action; since, if the demandant were to have recovered contrary to the warranty, the other party would recover the

same lands, or lands of equal value, by force of the warranty. Big. Est. 5th ed. p. 388.

While in some of the States this doctrine of rebutter, which sprang from the common law warranty, has been applied to the modern covenants for title, producing results often incongruous, and at times of greater or less hardship, yet in other States the English statutes have been declared to be in force; in others they have been re-enacted, either literally or in substance; in others the whole common-law doctrine of lineal and collateral warranty is deemed inapplicable to our system of jurisprudence; while in others lineal and collateral warranty, with all their incidents, have been abolished by statute. Raw. Cov. 5th ed. § 239.

As the statute of Gloucester, touching tenants by the curtesy, and that of Fourth and Fifth Anne, chapter 16, relating to joint tenants and tenants in common, wherein in section 21 it was declared that all warranties made by any tenant for life of any lands coming to any person in reversion or remainder should be void, and that all collateral warranties of any lands by an ancestor who had no estate of inheritance in possession in the same should be void as against his heirs, are included in a resolution of the General Assembly of the then colony of Rhode Island passed at a session held on the last Tuesday of February, A. D. 1749, for the purpose of introducing in full force into the colony certain English statutes named therein, the doctrine of rebutter probably had little or no application in this colony and State, and may be regarded as foreign to our practice, except in the manner suggested by Judge Story in *Sisson et al.* v. *Seabury*, 1 Sum. 235, at p. 263. The covenant of warranty may operate as a bar to the title of the heir by way of rebutter, when it descends upon him from the warranting ancestor.

Even the common-law definition of the word rebutter is becoming obsolete. It is neither to be found in Bouvier's Law Dictionary, American and English Encyclopedia of Law, nor in the Encyclopedia of Pleading and Practice.

We find, therefore, that in an action of covenant for breach of the covenant of seisin it is not necessary to aver an eviction

or lay any special damage; that the covenants in a purchase money mortgage deed will not estop the mortgagor, where the deed and mortgage are parts of one and the same transaction, from suing on the covenants of the deed; and that the doctrine of rebutter is inapplicable to the state of facts disclosed by the pleadings.

The demurrer is therefore sustained, and case remitted to the Common Pleas Division for further proceedings.

*John W. Sweeney*, for plaintiff.

*Albert B. Crafts and Nathan B. Lewis*, for defendant.