### George A. Newman, for use of Henry E. Jolly, v. Daniel A. Sevier.

1. WARRANTY DEED—*what covenants of, run with land.* The cov-
enants in a warranty deed against encumbrances and for peaceable
possession are perpetual and run with the land.

2. WARRANTY DEED—*what covenants do not run with the land.*
The covenant of seizin contained in a warranty deed does not run
with the land. It is a covenant *in praesenti* and the right of ac-
tion for the breach is personal, and not assignable so as to enable a
subsequent grantee of the covenantee to sue in his own name, but
suit for such breach may be brought in the name of the covenantee
for the use of a subsequent grantee.

Action in covenant. Appeal from the Circuit Court of Morgan
county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in
this court at the November term, 1906. Reversed and remanded.
Opinion filed June 1, 1907.

LAYMAN & MÓRRISSEY, for appellant.

GEORGE L. MERRILL and WILLIAM N. HAIRGROVE, for
appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of
the court.

This is an action in covenant by George A. Newman,
for the use of Henry E. Jolly, appellant, against appel-
lee. The court sustained a demurrer to an amended

declaration which consisted of two counts. The plaintiff elected to abide by the declaration and judgment was entered in bar of the action. The first count of the amended declaration alleges in substance, that on November 28, 1899, by deed of that date, for the consideration of $1,000 the defendant conveyed and warranted to the nominal plaintiff, Newman, his heirs and assigns, in fee simple, certain premises, describing them, to have and to hold to the said Newman, his heirs and assigns forever, and covenanted with said Newman, his heirs and assigns, that he would warrant and defend the said premises to the said Newman, his heirs and assigns, against all lawful claims whatsoever; that on December 30, 1903, Newman, for the consideration of $1,400 conveyed and warranted to Henry E. Jolly, for whose use the suit was brought, the same real estate, to have and to hold to the said Jolly, his heirs and assigns forever in fee simple; that the defendant was not, at the time of the making and delivery of the deed to Newman as aforesaid, lawfully seized of an indefeasible estate in fee simple to said premises, nor had he then good right and lawful power to convey the same, but at the time another person had paramount title to the premises; that the fee simple title was not fixed in the said Newman by virtue of said conveyance and that the defendant had not kept his covenant of warranty in fee simple, and had broken the same, to the damage of the said Jolly of $2,000. Said count further alleges that on November 1, 1903, the said Jolly tendered to the defendant a re-conveyance of said premises which would place the title thereto in him in the same condition as it was at the time of the conveyance by him to Newman as aforesaid, and demanded of him the payment of the purchase price of said premises, together with legal interest thereon.

The second count alleges that on November 28, 1899, the defendant executed and delivered to George A. Newman a warranty deed in statutory form and which

is set out *haec verba,* whereby he conveyed and warranted to Newman for the consideration of $1,000 the same premises described in the original count; that on December 30, 1903, the said Newman executed and delivered to Jolly, the party for whose use the suit was brought, a warranty deed, which is also in statutory form and set out *haec verba,* conveying and warranting to Jolly the premises in question; that at the time of the execution of such former deed the defendant was not seized in fee simple of said premises, nor had he since been seized of the same; but that at the time of such conveyance had only the title to a life estate in the same for and during the lives of one Felix A. Berryman and one Joanna Turner; that the defendant had not kept his covenant in said deed, but had broken the same, to the damage of the plaintiff, for the use of said Jolly, etc. It then avers an offer by Jolly to re-convey the premises and a demand upon the defendant of the purchase price, and the refusal of the defendant to accept or pay, etc., as in the first count.

Appellant contends that the covenant of warranty by the defendant to Newman runs with the land, and passed by the conveyance of Newman to the plaintiff; that the cause of action for breach of covenant is therefore vested in the plaintiff, and that the suit is properly brought in the name of Newman for the use of Jolly; that the tender of the re-conveyance by Jolly to the defendant and demand for the purchase-money, vested the right of action in Newman for the use of Jolly; and that the plaintiff did not have to wait for an eviction before bringing suit for a breach of the warranty. The contention of appellee is that if any covenant has been broken it is the covenant of seizin which does not run with the land; that if broken at all it was at the time of the conveyance by appellee to Newman, and Jolly should bring his action against Newman, his immediate grantor; that the covenant of warranty which does run with the land has

not been broken and appellant can have no action on that covenant; and, further, that if any cause of action accrued to Jolly, or for his use, it must have accrued by virtue of the deed from Newman to Jolly, and that if the covenant of seizin was broken at the delivery of the deed from Sevier to Newman the right of recovery for such breach thereafter became a chose in action which could not be assigned. We are of opinion that the second count states a cause of action which can be properly asserted in the name of Newman for the use of Jolly. The deed from Siever to Newman is averred to be in the form prescribed by section 9 of the statute entitled ''Conveyances,'' which section further provides that every deed substantially in such form, ''when otherwise duly executed, shall be deemed and held a conveyance in fee simple to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple in and to the premises therein described, and has good right and full power to convey the same; (2) that the same were then free from all encumbrances; and (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same.'' Rev. Stat. 1905, 465.

It is not averred in either count that the premises were at the time of the conveyance by Sevier to Newman, or had since become subject to any encumbrance, nor that either Newman or Jolly had ever been disturbed in the quiet and peaceable possession of the same, nor that the title thereto had ever been attacked in any manner by any person or persons claiming the same. No breach of either of the latter two covenants, which are perpetual and run with the land into the hands of subsequent grantees, and are broken only by an eviction or something equivalent thereto (Brady v. Spruck, 27 Ill. 478; Scott v. Kirkendall, 88

Ill. 465; Barry v. Guild, 28 App. 39), is averred. The only breach that arose from the fact that Sevier had but a life estate in the premises at the time he conveyed, was that of the covenant first prescribed by the statute which is one of seizin and of good right to convey. It is well settled in this state that such covenants are *in praesenti;* that if the covenantor at the time has no title, it is broken when the conveyance is made, and a right of action at once accrues to the covenantee, and further that such right is but a mere chose in action which is personal and not assignable so as to enable a subsequent grantee of the covenantee to sue in his own name. King v. Gilson, 32 Ill. 348; Brady v. Spruck, 27 Ill. 478; Baker v. Hunt, 40 Ill. 264; Jones v. Warner, 81 Ill. 343; Tone v. Wilson, 81 Ill. 529.

The contention of counsel for appellant that the covenants of the deed from appellee to Newman ran with the land and passed to Jolly by the conveyance to him from Newman is therefore well-founded in so far as the covenants against encumbrances and assurance of quiet enjoyment are concerned, but not so as applied to the covenant of seizin. The covenant for seizin is defined to be an assurance to the grantee that the grantor has the very estate, both in quantity and quality, which he professes to convey. Howell v. Richards, 11 East, 641. The covenant of warranty is in legal effect the same as a covenant for quiet enjoyment. Athens v. Nale, 25 Ill. 198. The true meaning of the covenant is said to be that the grantee, his heirs and assigns, shall not be deprived of possession by force of a paramount title. Rindskopf v. Trust Co., 58 Barb. 36.

In distinguishing between the various classes of covenants, Washburn in his treatise on the law of Real Property (Vol. 3, 4th Ed., 448), says:

"A marked difference between covenants of seizin, and the right to convey, and against encumbrances, and those of warranty, quiet enjoyment, and

Newman v. Sevier.

further assurance is, that the former are all in the present tense, relating to something being or existing at the time when the covenant is made; while the others relate to something future, and are to guard against the consequences of some future act, or for the performance of some future act which the condition of the title to the estate may require. Two important consequences grow out of this form of the first named covenants, namely.: that, if they are ever broken, the breach is simultaneous with the making of the covenant. If the grantor was then seized, he had made good his covenant, and he had a right to convey; if he was not seized, he had violated his covenant as soon as made, and had no right, at common law, to convey the estate, and nothing passed by the deed. So with encumbrances; these did or did not exist when the deed was made, and if they did, the covenant that they did not was then broken. A further consequence was, that a cause of action was at once created in favor of the covenantee to recover his damages; and this being what in law is called a chose in action, the law, as a general proposition, does not allow of its being transferred to another to be taken advantage of by him in his own name. So that a covenant of seizin is not one which can be transferred from one grantee to another grantee of the land in relation to which it is made; in other words, it is not a covenant that runs with the estate. This may be stated as the American doctrine, though differing in some respects from that of the modern English decisions, and, to a certain extent, those of several of the states.''

It follows that while Newman had a right of action against appellee under the covenant of seizin contained in his deed, no such right accrued to Jolly, who was but a remote grantee.

An examination of the cases cited by counsel for appellant discloses nothing therein inconsistent with such conclusion.

We perceive no reason, however, why Newman's right of recovery may not be asserted in his name,

for the use of Jolly. Richard v. Bent, 59 Ill. 38. The equitable owner of a chose in action is entitled by virtue of such ownership to maintain a suit at law in the name of the party having the legal right, for his use. Carlyle v. Carlyle, 140 Ill. 445; Knight v. R. Co., 141 Ill. 110; Shoe Co. v. Lewis, 191 Ill. 155.

For the purposes of this demurrer the action at bar may be properly treated as that of Newman whose right to recover for the breach assigned is unquestioned. It will be observed that in the first count the damages are alleged to have accrued to Jolly, the usee plaintiff, and not to Newman, the nominal plaintiff. In the light of the foregoing views the count is thus defective and the demurrer thereto was properly sustained.

The judgment of the Circuit Court is reversed and the cause remanded with directions to overrule the demurrer to the second count of the declaration.

*Reversed and remanded with directions.*