PINELAND MFG. CO., Appellant, v. GUARDIAN TRUST CO., Respondent.

Kansas City Court of Appeals, November 15, 1909.

1. **COVENANTS: When Broken: Legal Title.** Covenants in a deed for an indefeasible title in fee simple, if the grantor has not the legal title, are broken when made, and nominal damages may be recovered.

2. **COVENANTS: Demand on Grantor for Title: Action for Decree of Title by Grantee.** The grantee on discovering the outstanding legal title can demand of the grantor that he procure it, and if he does not do so the grantee may institute an action for a decree vesting the legal title in him.

3. **ATTORNEY'S FEES: Action for Title by Grantee.** A grantee with covenants for an indefeasible title in fee simple, who does not get it by reason of an outstanding legal title, may prosecute an action for decree of legal title and, if the grantor has been notified of the action, may recover of the grantor attorney's fees and necessary expenses.

139 App—14

4. **LIMITATIONS:** Covenants. In such case substantial damage occurs when the expense is incurred in prosecuting the action, and the statute of limitations begins to run from that time.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich,* Judge.

REVERSED AND REMANDED.

*Haff & Michaels* and *Daniel C. Ketchum* for appellant.

(1) · Covenants in a deed are separate from the conveying part and are personal in their nature. Rawle, sec. 57; Sumner v. Williams, 8 Mass. 162; 11 Cyc. 1044; Polson v. Stewart, 167 Mass. 211. (2) The contract was made and executed in this State, and between citizens of this State; therefore the law of this State determines what covenants are in the deed, the effect to be given them, and the measure of damages for their breach. Bethell v. Bethell, 54 Ind. 428; Craig v. Donovan, 63 Ind. 513; Worley v. Hineman, 6 Ind. App. 24; Jackson v. Green, 112 Ind. 341; Polson v. Stewart, 167 Mass. 211; Atwood v. Walker, 179 Mass. 514; Nichols v. Walter, 8 Mass. 243; Looney v. Reeves, 5 Kan. App. 279; Matheny v. Stewart, 108 Mo. 73; Hazelett v. Woodruff, 150 Mo. 534; Thurston v. Rosenfield, 42 Mo. 474. (3) As the owner of the fee simple, legal title was in court asserting and claiming ownership, it was the duty of defendant under its covenant of warranty to defend against such claims; it did not do so, therefore its covenant of warranty was also violated, and defendant must be held to indemnify plaintiff against the actual damages proximately resulting from such breach. Allen v. Kennedy, 91 Mo. 329; Egan v. Martin, 71 Mo. App. 65; Pease v. Babbert, 63 Mo. App. 306. (4) The covenant against incumbrances is analogous to the covenant of seizin, and even if it is said that the cove-

nant of seizin was not violated in this case, it cannot be denied that there was at least a breach of the covenant against incumbrances, and that the expenses of procuring the legal title can be recovered from defendant. Collier v. Gamble, 10 Mo. 472; Luther v. Brown, 66 Mo. App. 227; 8 Am. and Eng. Ency. Law (2 Ed.), 122; Coleman v. Clark, supra.

*George H. English, Jr.,* and *Edward C. Wright* for respondent.

(1) The demurrer to the petition should have been sustained and the judgment was for the right party. Where the grantor in a deed with covenant of seizin, is not seized or has no title at the time of making the deed, the covenant of seizin is broken as soon as made. Tapley v. Lebeaune, 1 Mo. 550; Adkins v. Tomlinson, 121 Mo. 487. (2) The deed was made March 2, 1897, and the suit was not filed until about eleven years later, and was barred by the Statute of Limitations. R. S. 1899, sec. 4272. (3) The petition does not show either an eviction or a yielding to title paramount, and failing to state one or the other, it fails to state a cause of action. Mumford v. Keet, 65 Mo. App. 502. (4) The measure of damages set up in the plaintiff's petition is erroneous. In Evans v. Fuller, 134 Mo. 653, it was laid down that the measure of damages is the value of the property or the amount paid to get the outstanding title, and in Lawless v. Collier, 19 Mo. 480, and Hall v. Bray, 51 Mo. 288, the measure of damages is stated to be the amount paid to buy in the paramount title. Neither of the contingencies has occurred to enable the plaintiff to secure this measure of damages. (a) Because it has not been ousted. (b) Because it has paid nothing to buy in a paramount title. And in any event, attorney's fees could not be recovered. It is clear under the decisions in Louisiana that a warrantor is not bound to the covenantee for sums paid to attorneys for asserting the rights under the deed in court. Melancon's Heirs v.

Robechand's Heirs, 19 La. 357; Hale v. City, 13 La. Ann. 409; Sarpy v. City, 14 La. Ann. 311; William v. Lefranc, 14 La. Ann. 757; Lute v. Armorer, 14 La. Ann. 826.

ELLISON, J.—This action is based on a covenant of seizin contained in a general warranty deed for lands lying in the State of Louisiana. The judgment in the trial court for for the defendant.

The defendant demurred to plaintiff's petition on the ground that it did not state a cause of action. The trial court sustained that view and plaintiff thereupon appealed.

Stripped of detail, the petition states that plaintiff bought a large tract of land of defendant situated in the State of Louisiana and received from defendant a general warranty deed containing covenants for an indefeasible estate in fee simple and for further assurance. It is then alleged that at the time of defendant's deed to plaintiff one Searing held the legal title to the land by regular conveyance from the State of Louisiana, the then owner. It is then alleged that Searing laid claim to the land and demanded of plaintiff that he be paid ten dollars per acre therefor. That plaintiff did not know of Searing's title or claim until after it had made a contract of sale to third parties, when it was discovered that defendant did not have the title and had not conveyed any to plaintiff.

It is further alleged that upon discovering that nature of the title and in order to put such title in condition that plaintiff could make sale of the land plaintiff demanded of Searing that he make a deed thereof to plaintiff, which he declined to do unless it was bought of him as already stated, and that Searing threatened that unless it was bought of him he would sell to other parties. That in order to prevent Searing conveying the land to innocent third parties plaintiff through its attorneys begun the preparation of an action for a decree

of title and did file in the proper office in said State a, notice of *lis pendens.* That plaintiff notified defendant of these things and requested defendant to take charge of and prosecute such suit, or otherwise obtain the title from Searing; and that if defendant did not do so, plaintiff would prosecute the action and hold defendant for all costs, fees and expenses connected therewith, and that defendant refused to do so. That thereafter plaintiff did file its action against Searing in a court of competent jurisdiction in Louisiana praying that its title be declared to be null and void and that the legal title be vested in plaintiff. That it was set up in the petition in such action that Searing purchased the lands from the State of Louisiana for the defendant and acting as agent for defendant, though he took the title in his own name. That Searing the next day after plaintiff instituted such action against him carried out his threat and actually conveyed the land to a third party, though, on account of the *lis pendens,* the sale was of no avail.

It was then averred that afterwards Searing filed an answer to such action denying that he purchased the lands as agent for defendant, but that he held the title as of his own right.

It was then averred that the court aforesaid heard the action in due course and entered a decree divesting Searing of his title and vesting it in plaintiff.

The expense of the litigation, consisting of costs and attorneys' fees, are then set up and judgment asked for the aggregate amount.

The defendant supports its attack upon the sufficiency of the petition by the claim that it is not liable under its warranty deed until there has been an eviction, or something equivalent thereto, under a paramount title. This claim is the general law in this State. [Collier v. Gamble, 10 Mo. 473; Cockrell v. Proctor, 65 Mo. 46; Pence v. Gabbert, 63 Mo. App. 302; Leet v. Gratz, 92 Mo. App. 422, and 124 Mo. App. 394.]

But that law is generally stated as to claims where a party seeks to recover damages arising from a failure of title when none adverse thereto looking to taking the land from him has been asserted; and the damages are generally, though not always, where it is sought to avoid, in whole or in part, the payment of purchase money, or the recovery back of purchase money already paid.

But this is not a case of such character, nor does the reason applicable to that class of cases apply to this. Here defendant attempts to convey land to plaintiff by deed in which it covenants that it is seized of an indefeasible estate in fee simple, when in fact it had no legal title whatever; the legal title was outstanding in Searing. There was therefore a breach of the covenant the instant it was made and nominal damages could have been recovered though substantial damages could not be had until such character of damage accrued. It is true substantial damage, as for instance, for failure of title, would not accrue until an eviction or its equivalent. But that does not meet the question in this case, either in technical law or bare justice. Here the plaintiff demands and obtains a covenant for an indefeasible fee simple legal title and does not get such title. Plaintiff does not get such a title as will permit it to sell. It gets a title which could be defeated *in toto* by Searing selling to a third party without notice. It does not get a marketable title. It does not get a title which it could have been compelled to accept under a contract of sale calling for a general warranty deed. [Mitchener v. Holmes, 117 Mo. 185; Mastin v. Grimes, 88 Mo. 478; Green v. Ditsch, 143 Mo. 1, 12.] In that condition of case, when the defect is covered by the covenant, we cannot see any good reason why the covenantee could not resort to an action on the covenant when he suffers damage.

Plaintiff has a *right* to the title which defendant covenanted it had conveyed to it. And having that right

it was within its privilege to call upon defendant to obtain it, or in default, to obtain it itself.  It therefore did no more than assert its plain right when it began and carried through proceedings in the proper court in Louisiana to protect and perfect its title.  By that proceeding it got what defendant covenanted it should have; and in prosecuting that proceeding it incurred necessary expense which it paid and *thereby substantial* damage accrued.  Not the damage, it is true, which ordinarily accrues on breaches of covenants, but the oddity or rarity of the claim cannot affect its justice or alter the law supporting it.

Where a grantee has not been evicted and he gets the land in fact, he must pay for it.  But here, as already intimated, by the covenant which plaintiff obtained from defendant, it was to receive *more* than the land—it was to have also a title to the land, and it did not get it, and when it was put to expense in curing defendant's obligation substantial damage accrued.  In such character of case eviction is not necessary to maintain the action. [Dickson v. Desire, 23 Mo. 151, 167.]  While that was said in that case in respect to the assertion of a paramount title, yet it is applicable to the facts here.  An action for substantial damages may be maintained on such covenant when such damages occur.

It is a part of defendant's insistence that an invalid claim does not constitute an incumbrance within the meaning of the covenants in a deed, and that a covenantor is not bound to protect a grantee against unlawful claims, citing Luther v. Brown, 66 Mo. App. 227; Smith v. Parsons, 33 W. Va. 644, and other authority.  What we have written above applies to this phase of the defense.  This was not an invalid or unlawful claim in the sense of that rule of law.  It was a real claim of the legal title to the property.  The legal title was not in this defendant when it covenanted that it was.  As already stated, plaintiff had a right to demand the legal title and defendant refusing to procure such title, it was

plaintiff's privilege to institute proceedings to acquire that title and to hold defendant, after notice, for the necessary expense.

Coming to the measure of damages claimed in the petition, it may be stated to be the rule in this State that attorney's fees and necessary reasonable expenses, as well as proper court costs, may be allowed. [Hazelett v. Woodruff, 150 Mo. 534.] But if attorney's fees are claimed, notice of the action must have been given. [Long v. Wheeler, 84 Mo. App. 101; Quick v. Walker, 125 Mo. App. 257.] For, as stated in Long v. Wheeler, *supra*, the covenant "is not, in terms, that the covenantor will pay all expenses of defense of a paramount title, but that he will himself defend against it. He should therefore be given an opportunity to defend by notice of the action. Furthermore, . . . it may be that the breach of covenant is of such nature that the covenantor would willingly adjust it without litigation."

Defendant claims that the face of the petition shows the action to be barred by the ten-year period of the Statute of Limitations. The claim is based on the idea that the covenant was broken as soon as made and that, if there was no title, the substantial damage occurred at the date of the deed and the right of action accrued then, which was more than ten years prior to filing the petition. The defendant may properly take advantage of the Statute of Limitations by demurrer whenever the face of the petition shows the bar to be complete. [Burruss v. Cook, 215 Mo. 496.] But we do not think the petition shows a bar. The date of the covenant alleged in the petition was more than ten years prior to filing the petition, but the substantial damage which is alleged and for which the action is brought, occurred long within the period. The Statute of Limitations only begins to run from the time substantial damage occurs. [Chambers v. Smith, 23 Mo. 174.] If defendant had been without right or title of any kind, the entire su-

perior right being in another, and an eviction, or something equivalent had occurred, then the substantial injury would have occurred when the deed was made. But that was not this case.

The result of these views is to reverse the judgment and remand the cause. All concur.