JOHN A. HANLY, Respondent, v. E. J. STREET, Appellant.

**Kansas City Court of Appeals, March 3, 1913.**

FRAUD: Rent: Ouster: Damages: Attorney's Fee. S, who was the owner of a building in Kansas City, sold it to B and then fraudulently representing himself still to be the owner, rented three rooms to H, by verbal lease, for a year, at $40 per month, and the latter took possession and made improvements costing $60. B refused to recognize the lease and brought an action of unlawful detainer against H, and the latter immediately notified S, who then admitted he had sold the building but claimed that B had authorized him to rent the rooms, and insisted that H defend the action, which he did, and S attended the trial. B recovered judgment for possession and $160, which H settled by taking a written lease from B at $10 per month advance on what he was to pay S, making a total of $120. It was *held* that S was liable to H for that sum and an attorney's fee for defending the action.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Guthrie, Gamble & Street* for appellant.

(1) The introduction of any evidence tending to show more than nominal damages was error for the reason that the petition does not state a cause of action for more than nominal damages. (2) Error in giving instruction number 1 asked for by the respondent because it ignores and excludes the issue and theory of the appellant offered as a defense to this action. Garrett v. Railroad, 139 S. W. 252; Collins v. Tootle, 137 S. W. 273; Brownlow v. Woolard, 66 Mo. App. 636; Chappell v. Allen, 38 Mo. 213; 38 Cyc. 1632. (3) Error in refusing to give instruction

number 2 requested by the appellant because it states the true measure of damages. R. S. 1909, sec. 7883; Combs v. Transfer Co., 58 Mo. App. 112; Express Co. v. Tyler O. F. Co., 72 Mo. App. 151; Burney v. Gebhart, 87 Mo. App. 409; Haumueller v. Ackerman, 150 Mo. App. 141; Adams v. Bonnefon, 124 Mo. App. 457; Winters v. Cherry, 78 Mo. 344; 1 Taylor on Landlord & Tenant, p. 386, sec. 317; 1 Tiffany on Landlord & Tenant, p. 538, sec. 547; Hughes v. Hood, 50 Mo. 350; Huiest v. Marx, 67 Mo. App. 418; Jenkins v. Womach, 143 Mo. App. 410; Herpolsheimer v. Christopher, 9 L. R. A. (N. S.) 1127; Sloan v. Hart, 21 L. R. A. (N. S.) 1239. (4) The appellant not having been requested or demand made of him to take part in the defense of the unlawful detainer action by Brown, is not bound by that judgment. Wheelock v. Overshiner, 110 Mo. 100; Schmidt v. Rose, 6 Mo. App. 588; Holladay v. Menifee, 30 Mo. App. 215; Walker v. Deaver, 79 Mo. 678; Fields v. Hunter, 8 Mo. 128; Rice v. Cook, 141 Mo. App. 4; McCrillis v. Thomas, 110 Mo. App. 703.

*Clarence I. Spellman* for respondent.

(1) The plaintiff at the trial proved the same case his pleading set out without any shifting or position or change of theory. It is only necessary that plaintiff recover upon the cause of action stated in his petition. State ex rel. v. Dickmann, 146 Mo. App. 396. (2) One who has purchase in good faith and who is confronted with a claim of paramount title, after notifying the seller of such superior claim, may then defend against such claim, and if necessary purchase such title, if it be found to be good, and recover from the seller his court costs, attorney's fees, legitimate expenses, the price of the acquisition of such paramount title, if fairly bought, and all such damages as naturally result from a breach of the covenant

sued on. Hutchins v. Roundtree, 77 Mo. 500; Coleman v. Clark, 80 Mo. App. 339; Whiteside v. Magruder, 75 Mo. App. 365; Henderson v. Henderson, 13 Mo. 153; Dickson v. Desire, 23 Mo. 163; St. Louis v. Bissell, 46 Mo. 157; Walker v. Deaver, 79 Mo. 679; Kirkpatrick v. Downing, 58 Mo. 32. (3) Brown's title was found to be paramount. Street had conveyed the fee, and all dominion over the property was in Brown. The rule is that there must be an actual eviction, or something equivalent thereto, before substantial damages can be sustained on account of paramount title; for, while the mere existence of the paramount title is a breach of covenant, for which nominal damages can be allowed, yet where an eviction actual or construtive occurs and a loss is sustained substantial damages may be awarded. Collier v. Gamble, 10 Mo. 473; Cockrell v. Proctor, 65 Mo. 46; Halladay v. Menifee, 30 Mo. App. 207; Tracy v. Greffett, 44 Mo. App. 562; Kellog v. Malin, 62 Mo. 43; Whiteside v. Magruder, 75 Mo. App. 365. (4) Respondent called on appellant and notified him of Brown's detainer suit. They canvassed the matter thoroughly. Appellant participated in the trial. He had all notice the law requires. Hanley's satisfaction of Brown's judgment perfected his cause of action against appellant. Wheelock v. Overshiner, 110 Mo. 100; Walker v. Deaver, 79 Mo. 664; McCrellis v. Thomas, 110 Mo. App. 699; Quick v. Walker, 125 Mo. App. 257; Leet v. Gratz, 124 Mo. App. 394.

ELLISON, J.—Plaintiff brought this action before a justice of the peace for damages. On appeal to the circuit court he recovered judgment for $100.90.

The evidence in plaintiff's behalf, together with conceded facts, tended to show that defendant was the owner of a building on Main street, in Kansas City, Missouri, which he sold and conveyed to one Brown. That notwithstanding he had sold the property, he

represented to plaintiff that he owned it and made a verbal lease to him of three rooms on the second floor, for one year for $480, at the rate of forty dollars per month, and authorized him to have the rooms repaired, which he did at an expense of $60.90. Brown, the purchaser, refused to recognize plaintiff's lease and brought an action for unlawful detainer, in the trial of which it appeared plaintiff had had the premises for two months, and Brown was given judgment for eighty dollars, which, under the statute, was doubled, making a total of one hundred and sixty dollars. Plaintiff informed defendant immediately he learned of Brown's refusal to recognize him, and defendant insisted that Brown had given him authority to rent the building and that he, plaintiff, should not allow Brown to interfere with him. With this assurance plaintiff held on until ousted in the unlawful detainer action when he was compelled to recognize Brown, which he did in the following way: He settled the judgment with Brown by taking a written lease from him for a year at fifty dollars per month, he, plaintiff, to be allowed for the sixty dollars laid out for the repairs he had made on the rooms.

The question is as to the amount of plaintiff's damage. Defendant insists it is only nominal. We think it should be substantial for the following reasons: Defendant, by representing himself as the owner of the property and concealing the fact that he had sold it, rented it verbally to plaintiff for one year at forty dollars per month and thereby induced him to expend $60.90 in repairs. In addition to this, when it was discovered that Brown was the owner, defendant claimed that he had authority from Brown to rent it; and when Brown denied this and brought his action of unlawful detainer against plaintiff, defendant insisted on his defending the action and himself attended the trial. There was, in consequence of this, a judgment of $160 rendered against plaintiff. He

settled this judgment as stated above by re-renting of Brown by written lease at an advance of ten dollars per month, or one hundred and twenty dollars for the year, half of which was paid in the cost of improvements above mentioned. He also paid ten dollars for an attorney to defend the action, making in all one hundred and thirty dollars, saying nothing of the costs of the action. So we conclude defendant got off well with a judgment for $100.90.

Defendant made objections to receiving any evidence for the reason that plaintiff's statement before the justice failed to plead several matters necessary under the technical rules of pleading in the circuit court. As the case was before a justice, we think the statement sufficient to justify the evidence heard by the court.

Defendant's objection to plaintiff's first and only instruction is that it ignores an issue that Brown had authorized defendant to rent the premises. No reversible error was committed. It was determined in the unlawful detainer action, of which, as we have seen, defendant had notice, that he did not have that authority.

Defendant next complains of the refusal of his instruction No. 2, in which the measure of damages, after stating in argumentative form several legal propositions, is declared to be nominal only. We have already disposed of that question. Counsel state a proper measure of damages in ordinary cases of eviction; but not in such an action as the evidence shows this to be. Here defendant fraudulently put plaintiff in possession of property he did not own, a fact he concealed, and when the true owner demanded it, he admitted he did not own the property, but he advised an insisted he had authority from the true owner and that plaintiff must resist the action. It seems to us but justice that he should pay the damages he undoubtedly caused plaintiff, and that the au-

thorities cited by defendant are not applicable to the case made on the facts.

We have no doubt of the propriety of allowing, as part of the damages, the ten dollars paid by plaintiff to his attorney in defending the unlawful detainer case. The evidence practically justifies the assertion that it was an expense incurred by defendant's request, since he advised resistance to the action and attended the trial. We think his liability may be likened to that of a warrantor, whose title fails and who is notified of an action to enforce the adverse claim. [Long v. Wheeler, 84 Mo. App. 101.]

The judgment was for the right party and is affirmed. All concur.