HOWARD COLE & COMPANY, *Plaintiff in Error*, v. R. E. WHIDDEN, *Defendant in Error*.

Opinion filed June 9, 1919.

1. If a grantor warrants "That * * * premises are free and clear from all incumbrances and liens of every nature and kind so ever including taxes" at the time of making deed, and if the premises are at the time subject to a lien for taxes before that time levied by the taxing power of the state, and if the grantee pay such taxes, he may recover the amount of money paid by him with interest in an action of covenant.

2. Chapter 5709 levies an acreage tax of five cents per acre per annum upon certain designated lands and such levy creates a lien therefor upon such land and such lien fastens itself upon the land by operation of the law upon the arrival of the year for which such taxes may become due and payable.

A Writ of Error to the Circuit Court for DeSoto County; A. F. Odin, Referee.

Judgment reversed.

*Treadwell & Treadwell,* for Plaintiff in Error;

No appearance for Defendant in Error.

HORNE, Circuit Judge.—The plaintiff filed declaration in covenant alleging that defendant sold it certain land for a consideration, and in the deed thereto executed July 19, 1909, covenanted "that at the time of the ensealing and delivery of the deed of conveyance that all of the above described tracts of land were free and clear from all liens and incumbrances, including taxes, and assessments of every kind and nature whatsoever;" and the declaration alleges "That the lands * * * were not * * * free and clear of all liens, incumbrances, taxes and assessments, but * * * there were certain taxes and assessments due by the defendant on said land which constituted liens thereon, aggregating the sum of $1093.05 * * *" which was paid by the plaintiff. The deed, in the awrranty clause, contains the following covenant: "that said premises are free and clear from all incumbrances and liens of every nature and kind whatsoever, including taxes."

The defendant plead, among other things (1) a denial that plaintiff paid the amount and items alleged to have been paid by it; (2) that he was not indebted for any taxes and assessments upon the lands described in the declaration at the time of the execution and delivery of the deed; (3) that there has been no breach of the covenant against taxes and incumbrances contained in the deed. Trial was had by and before a Referee who upon the theory that a portion of the acreage tax due on the land was not properly assessed, gave judgment for only a portion of the amount claimed, and plaintiff took writ of error.

Section 2, Chapter 5709, Acts of 1907, creates a drainage district covering the lands mentioned in this suit, and provides that "a tax of five cents per acre is hereby levied annually, including the year 1907, upon all lands within such drainage district that were included in patents received by the State of Florida from the United States under Act of Congress approved September 28, 1850." The statute provides that Board of Drainage Commissioners shall prepare a list or lists of such patented land and send them to the tax assessors, and the tax assessors shall receive such list and shall enter the same upon the tax rolls of their counties and the amount so levied by this act, and shall include said acreage tax in the warrant to the tax collector in the usual way, "which amounts shall be collected as other taxes are collected on real estate, in accordance with law."

The parties made up the issues and have tried them in their own way, and apparently both were dissatisfied with the result, though the plaintiff only moves for a new trial, and then only upon the same grounds as are assigned as error in this court.

The able counsel for plaintiff say in their brief that these may be properly submitted and argued together, and that "the chief question for the court's consideration is the proper construction to be placed upon" the statute, and the writer quite agrees with this statement of counsel, as well as the statement of the able referee that this case turns upon the proper construction and application of the provision of Chapter 5709, Laws of Florida, Acts of 1907, that the acreage tax "shall be collected as other taxes are collected on real estate."

The case of Roesch v. State *ex rel.* Wyman, 62 Fla. 263, 56 South. Rep. 562, relied on by the referee is not applicable. The acerage tax on the land within the drainage district, no matter who was the owner, was assessed and levied not under authority conferred, but by the legislature itself.

While the record does not show the making of a list by the Board, nor the inclusion of the acreage in the warrant to the tax collector, yet the record does show that the tax assessor entered the lands mentioned upon the tax rolls of DeSoto county for the years 1907, 1908 and 1909, and also entered thereon the amount of such acreage or drainage tax of 5 cents per acre annually, and that there was a payment by plaintiff of the amount of such acreage or drainage tax for said years to the tax collector of DeSoto county, hence there was a fair preponderance of the evidence showing that plaintiff made the payment of taxes as alleged. The land was subject to the payment of the amount of the acreage tax levied and assessed thereon by the legislature itself for the years 1907, 1908 and 1909 at the time the defendant made his covenant with plaintiff, and necessarily there was a breach of the covenant that the land described in the

deed of conveyance was at the time "free from all liens and incumbrances including taxes and assessments of every kind and nature whatsoever." It follows, there-fore, that the judgment of the referee should be reversed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion pre-pared under Chapter ——, Acts of 1919, adopted by the court as its opinion, it is considered, ordered, and ad-judged by the court that the judgment herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND

WEST, JJ., concur.