BROOKS-SCANLON CORPORATION, A CORPORATION, *Plaintiff in Error*, v. C. L. ARBUTHNOT, *Defendant in Error*.

Division A.

Opinion Filed July 20, 1927.

Rehearing Granted and Opinion on Rehearing Filed February 13, 1928.

*Davis & Papper*, for Plaintiff in Error;

*Wm. T. Hendry*, for Defendant in Error.

ELLIS, C. J.—This was an action of covenant to recover damages for a breach of a real covenant of seizin and good right to convey. The covenant and breach are alleged in the following terms:

"Said defendant covenanted and agreed in the said lease that he was lawful owner of the said timber and that he had good right and lawful authority to sell and convey the said timber as he had therein, and in and by the said lease, sold and conveyed the said timber and he further agreed and promised and covenanted that he would warrant and defend the said timber and the right, easement and privilege of removing the said timber as the same was

granted in and by the said lease, and as the same was granted and conveyed in and by the said lease of conveyance; that the said defendant was not the owner of said timber and was not the lawful owner thereof and that he did not have good right and lawful authority to sell and convey the said timber as he had therein sold and conveyed it and that he did not warrant and defend the said timber or any rights granted in and by the said lease.''

In this declaration was combined a covenant of seizin and good right to convey and a covenant of warranty of title. The breach is alleged of both covenants.

Now, a covenant of seizin and good right to convey is broken as soon as the deed is executed if the covenantor has no title. See Newman v. Sevier, 134 Ill. App. 544; Carter v. Executors of Denman, 23 N. J. L. 260.

Where as a breach of a covenant of warranty of title to land does not occur until there has been an actual or constructive eviction of the plaintiff or disturbance of his possession by a paramount title.

In the case of an action upon a breach of covenant for seizin and good right to convey it is only necessary to allege the breach by simply negativing the words of the covenant. See DeJarnette v. Dreyfus, 166 Ala. 138, 51 South. Rep. 932; Bacon v. Lincoln, 4 Cush. (Mass.) 210, 50 Am. Dec. 765; Evans v. Fulton, 134 Mo. 653, 36 S. W. Rep. 230; Carter v. Executors of Denman, *supra;* Reinhalter v. Hutchins, 26 R. I. 586, 60 Atl. Rep. 234; Bascawin v. Cook, 1 Mod. (Eng.) 223, 86 Eng. Reports (Reprint) 843; Howard Cole & Co. v. Whidden, 77 Fla. 842, 82 South. Rep. 297.

Where the action is brought upon a covenant of warranty of title the declaration must allege an actual or constructive eviction of the plaintiff or disturbance of his possession by a paramount title. See Prestwood v. Mc-

Gowin, 128 Ala. 267, 29 South. Rep. 386, 86 Am. St. Rep. 136; Mitchell v. Warner, 5 Conn. 497; White v. Stewart & Company, 131 Ga. 460, 62 S. E. Rep. 590; Keating v. Springer, 146 Ill. 481, 34 N. E. Rep. 805, 37 Am. St. Rep. 175, 22 L. R. A. 544; Blanchard v. Hoxie, 34 Me. 376; Brown v. Holyoke, 152 Mass. 463, 25 N. E. Rep. 966, 23 Am. St. Rep. 844; Pineland Mfg. Co. v. Guardian Trust Co., 139 Mo. App. 209, 122 S. W. Rep. 1133; Carter v. Executors of Denman, *supra;* Fushel v. Browning, 145 N. C. 71, 58 S. E. Rep. 759; Reinhalter v. Hutchins, *supra;* Marbury v. Thornton, 82 Va. 702, 1 S. E. Rep. 909; Nash v. Palmer, 5 M. & S. 374, 105 Eng. Reprints 1088.

Two causes of action were thus embraced in this declaration. Two different covenants were alleged to have been made and two breaches were alleged. The breach as to the first was sufficiently alleged, but as to the other it was wholly defective. The allegation was that the plaintiff "went to remove the said timber and that Mrs. Julia Towles was the owner thereof and plaintiff was forced and compelled to purchase said timber, together with the right of removal, from the said Mrs. Julia Towles."

The sealed instrument which is attached to the declaration is not made a part of it, so it may not be considered. See Register v. Pringle, 58 Fla. 355, 50 South. Rep. 584; Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351; Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992; Davant v. Weeks, 78 Fla. 175, 82 South. Rep. 807.

The defendant interposed three pleas. The first was a denial of the covenant. That plea was bad because the defendant in an action of covenant must plead either *non est factum,* which denies only the proper execution of the deed containing the covenant, or he must plead specially performance, excuse for non-performance or matter in discharge. There is in this action, properly speaking, no

general issue or plea amounting to a traverse of the whole declaration. The defendant must plead specially every matter of defense of which under the circumstances of the case he is at liberty to avail himself. See Jones v. Johnson, 10 Hump. (Tenn.) 184.

The defendant may plead that he has not broken his covenant as alleged in the declaration. See Davis Administrators v. McMullen's Administrators, 86 Va. 256, 9 S. E. 1095.

The second plea was bad for the same reason and others, it was argumentive and full of evidence which would not be admissible under any plea that could have been interposed except a denial of the breach.

The third plea was also bad for the reasons given and for the further reason that it sought to establish a release or set up an estoppel in pais against the plaintiff. A demurrer to this plea was sustained.

Then followed replications by the plaintiff to the two pleas. The first was a repetition of the allegation of the declaration that defendant "did covenant as shown in and by plaintiff's declaration," etc. The second replication which was to the second plea reiterated the allegation that the defendant "was not the owner of the cypress timber and that he did not have good right and lawful authority to sell and convey the said timber as he had by said lease undertaken to convey the same." Then follows an argument to show the fallacy of defendant's plea.

A demurrer was interposed by defendant to this replication and was sustained. The plaintiff failing to amend its replication judgment was entered in favor of defendant and the plaintiff took a writ of error.

The judgment is affirmed because the declaration was bad and the first demurrer should have been visited upon

it as it was duplicitous and should not have been allowed to stand.

The order affirming the judgment is made with permission to the plaintiff in error to begin this action in covenant against the covenantor upon the covenant of seizin and right to sell.

Affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.

### REHEARING.

ELLIS, C. J.—Upon petition filed for a rehearing in this case the Court, upon consideration thereof, is of the opinion that the decision affirming the judgment rendered should be and the same is hereby revoked and set aside because it appears to the Court that it erred in holding that the demurrer to the plaintiff's replication should have been visited upon the declaration because the latter was duplicitous. Duplicity in a declaration is not the subject of demurrer. And a demurrer to the plaintiff's subsequent pleading, which constitutes a good replication to defendant's pleas, should not be visited upon a declaration because the latter is duplicitous. That defect should be taken advantage of by motion to strike, which if not done the error in form is waived.

We think the cause should be reversed because the replications were good to the pleas interposed. Judgment reversed with directions to require the plaintiff to elect upon which cause of action he will stand.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion.