McFADDEN v. ROGERS *et al., Appellants.*

1. **Deed.** A deed which is signed by both husband and wife, but in which the husband alone is named as grantor, conveys only his interest in the land.

2. **Reformation of Deed**: GRANTOR'S RIGHT TO PAYMENT OF PURCHASE MONEY. A grantor cannot be compelled to correct errors in his deed, so long as the grantee is in default in the payment of the purchase money; and this rule extends to one claiming under the grantee, unless circumstances exist which estop the original grantor from asserting his right to insist on payment.

*Appeal from Bates Circuit Court.*—HON. W. S. SHIRK, Judge.

REVERSED.

*A. Henry* for appellant.

If plaintiff has any equitable right to this land he got it by the mortgage from Worley, and he could not acquire any greater or other equity than Worley would be entitled to, standing as he does as assignee of Worley. And it cannot be assumed that Worley could, in equity, force Rogers to convey by another deed of correct description, after the note was due, without tendering payment of the note or purchase money agreed to be paid. Before a party can ask a court of equity to his aid, he must do equity. 1 Story Eq. Jur., §§ 6, 7. Neither did plaintiff obtain any greater right or equity by his purchase at sheriff's sale under the mortgage, nor will equity entitle him to any land not in the mortgage, even if left out by mistake. *Schwickerath v. Cooksey*, 53 Mo. 75. And defendant, though present at the sale, was not bound (even if he knew that plaintiff was acting under misapprehension) to inform him, and he is not entitled to any equitable relief, even if this question was between himself and mortgageor Worley. *Butcher v. Buchanan*, 17 Iowa 81; *Oiler v. Gard*, 23 Ind. 212. Defendant Rogers cannot be considered at fault for the conduct of Worley, and Rineberger took the land at her own risk, and was bound by the record of the title, and she and her assignee could acquire no right or equity that Worley did not possess against Rogers, and Rogers would have had a priority of lien on the land for the purchase money, which, in equity, should be paid, (even if the sale between him and Worley had not been canceled,) before he could be compelled to part with the title. 1 Hilliard on Mortg., chap. 23, § 31.

*P. H. Holcomb* for respondent.

Respondent had a perfect equity to have the erroneous deeds corrected to make them conform to the intention and agreement of the parties. Neither he nor Rineberger

had any knowledge of any intervening equities between Rogers and Worley. Both are in this case to be regarded in the light of innocent purchasers under Rogers and Worley, and cannot be affected by any equities that may have existed between them, and not brought to their knowledge. *Rhodes v. Outcalt,* 48 Mo. 367; *Morgan v. Bouse,* 53 Mo. 219; *Adams v. Buchanan,* 49 Mo. 64. Respondent asks that no other property than that actually sold by Rogers, and mortgaged by Worley, be vested in him under his purchase of the note and mortgage, and at the sheriff's sale. Neither Rogers nor Worley can complain, nor have they ever complained, that the land was sold under an erroneous description. It was the description that they themselves had given the land; they both, according to their own statements, had full and perfect knowledge of the error. Rogers in person, and Worley by his attorney, stood by at the sale, and Worley's attorney, by instruction, bid on the land to about the amount of the debt; neither intimated there was any mistake in the description, nor objected to the sale on that account, nor on the ground that either had any rights or equities in the land being sold. There is no complaint that the land was sacrificed in consequence of the erroneous description, but on the contrary, it appears from the evidence that the land brought about the amount of the debt. There was no necessity for a re-sale. *Young v. Cason,* 48 Mo. 259.

HENRY, J.—This was a proceeding in equity, by which McFadden sought to correct certain deeds executed by defendants, and to divest Wm. Rogers of the title to the tract of land hereinafter described. The petition alleged that on the 3rd day of June, 1869, the defendant, Wm. Rogers, sold to his co-defendant, his daughter Rachel Worley, the south half of lot 2, of the northwest quarter of section 20, township 40, range 33, in Bates county, but by mistake in the deed he executed, the land was described as the southwest quarter of the northwest quarter of said

section, township and range; that afterwards, in July, 1870, Daniel Worley and wife, said Rachel, executed a mortgage to secure the payment of a note for $200, made by said Daniel Worley to Nancy Rineberger, conveying the land described in Rogers' deed to Rachel Worley, but intending to convey the other forty on which the Worleys then resided; that this note and mortgage were assigned by Nancy Rineberger to plaintiff, who instituted a suit to foreclose the mortgage and purchased the property at the sale under the decree of foreclosure made therein, and received the sheriff's deed for the property so sold, which followed the decree and previous deeds in the description of the property; that the plaintiff supposed he was buying the forty first above described. Defendants denied in their answer the allegations in the petition, and alleged that the consideration for the conveyance by Rogers to Rachel of the south half of lot 2, of the northwest quarter of said section, was her agreement to pay to said Rogers $200, with ten per cent. interest six months thereafter; that when the note therefor became due, Rachel was unable to pay it, and relinquished any right under the contract so made; that in 1873 Rogers conveyed said south half of lot 2, to one Cowles in trust to secure the payment of a promissory note to A. Henry, and that the land was sold under said deed and purchased by said Henry, who afterwards sold and conveyed it to Rogers.

The evidence clearly establishes the following facts: that in making the conveyance to Rachel Worley, Rogers and wife intended to convey the south half of lot 2 above described, but by mistake conveyed the other tract; that the mortgage was executed as alleged, and was intended to convey said south half of lot 2; that McFadden purchased the land under a decree obtained in a suit for a foreclosure of the mortgage, instituted by him after the note was assigned to him by Mrs. Rineberger; that in 1873 Rogers executed the deed of trust to Cowles, as alleged in the answer, and that Henry purchased it at a sale

under the deed of trust, and re-conveyed it to Rogers. Rogers testified that Mrs. Worley executed her note for, and was to pay him $200 for the south half of lot 2 ; that the same, nor any part thereof, had been paid. Wm. Rineberger, husband of Nancy, testified that he offered to sell the Worley note and mortgage to Rogers ; that Rogers knew of the mortgage, and that it was upon the land that Worley and wife were living on ; that Rogers said he would like to have the note and mortgage, but had not money to spare for the purchase. He did not say that he had any claim against Worley and wife, or either of them. On this point Rogers testified that Rineberger never offered to sell him Worley's note and mortgage, but wanted to borrow money, and asked Rogers if he wanted to buy a mortgage ; that he did not then know that Mrs. Rineberger had the mortgage. McFadden testified that Rogers and A. Henry were at the sale made by the sheriff under the foreclosure decree, and that Henry bid for the land. On the trial plaintiff had judgment, from which defendant Rogers has appealed.

In the mortgage to Mrs. Rineberger Daniel Worley alone is the grantor. Rachel Worley's name no where 1. DEED. occurs in the body of the deed. She executed it and relinquished her dower in the land. The deed, therefore, conveyed only the interest of Daniel Worley, and plaintiff could, in no event have any greater estate vested in him than he would have acquired if the deed had conveyed the right land to Rachel Worley.

But waiving that question, we do not think that plaintiff has shown any equity superior to that of Rogers, 2. REFORMATION who holds the legal title, of which plaintiff OF DEED: grantor's right to payment of purchase money for that land, nor any part thereof, has been paid by Mrs. Worley. There is no evidence contradicting defendant's testimony on that point. As between him and Mrs. Worley, he could not have been compelled to make a deed until the payment of the purchase money ; and

plaintiff has acquired no other equity against Rogers than that of Mrs Worley, unless Rogers is estopped by something he has said or done, or omitted to say or do, from setting up his claim for the purchase money due from Mrs. Worley for the land. It was not alleged in the petition, nor was it established by the evidence, that before the execution of the mortgage Rogers knew of the intention to execute it. Mr. Rineberger testified that after the execution of the mortgage he proffered to sell it to Rogers, and that Rogers knew all about it, but there is no evidence that, until after its execution, he knew anything of that transaction, or the assignment of the note to McFadden. There is nothing in the fact of his presence at the sheriff's sale to create an estoppel. He made no bid, offered no suggestion, was passive. Henry bid for the land at that sale as the agent and attorney of Daniel Worley, but the relation of client and attorney, or agent and principal, between Henry and Rogers did not then exist. Granting that he supposed that the mortgage was of the south half of lot 2; that the sale was of that tract; that he had conveyed it to Mrs. Worley; still, the title being in himself and the purchase money unpaid, in the absence of fraud or any act on his part to encourage Rineberger in taking the mortgage, or the plaintiff in taking an assignment of the debt secured by it, he has the same right to set up his lien for the purchase money, against plaintiff, that he would have had to insist upon the payment of the purchase money by Mrs. Worley before he should be divested of his title to the land. The mischief to Mrs. Rineberger was accomplished when she loaned her money and took the mortgage, and to the plaintiff when he paid his money for the mortgage debt, with neither of which transactions had Rogers any connection whatever. If he had done or said anything to mislead either Rineberger or plaintiff; anything which would make it unjust and inequitable on his part to insist upon his demand for the purchase money, the court might properly have given plaintiff some relief, but the evidence

does not disclose a state of facts which entitles plaintiff to. any judgment whatever against Rogers. Judgment reversed and cause remanded. All concur.