JAMES MACKENZIE, Appellant, v. ERSKINE CLEMENT et al., Respondents.

Kansas City Court of Appeals, June 6, 1910.

1. **WARRANTY: Lawful Claims.** A covenant of warranty in a deed against "the lawful claims and demands of all persons whomsoever," only covers real claims superior to the title conveyed. It does not cover claims which have the appearance of being formidable and real but which are not.

2. ———: ———: **Paramount Title: Equitable Title.** In order to render the warrantor liable on his warranty against all "lawful claims" it is not necessary that there shall be an eviction by a paramount title. The grantee may have conveyed to him by a warranty deed such an equitable title as would defeat an assertion of an outstanding legal title; and yet if such outstanding legal title is asserted, the grantee may hold the warrantor liable for expense of defendant against such legal title.

3. ———: ———: **Attorney's Fees.** If the warrantor in a warranty deed is notified by the grantee of an action on a paramount title, and fails to defend, such grantee may hold him liable for expense of defense made by himself, including attorney's fees.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Cook & Gossett* for appellant.

Under a covenant of warranty to defendant "against the lawful claims and demands of all persons whomsoever," the covenantee is entitled to recover his costs and the reasonable expenses, including attorneys' fees, of defending an attack upon the title so warranted in cases where the attack is formidable and made with reasonable ground of recovery, and is not merely a vexatious pretended claim. In other words, a suit for re-

covery of the land warranted, brought on probable
cause and without malice, is a lawful claim, and it is
the duty of the covenantor, when requested so to do,
to defend such a suit based on a condition of facts ex-
isting before the covenant was made.    (a)   On what is
a lawful claim.   Michau v. Walsh, 6 Mo. 346; McCart-
ney v. Alderson, 45 Mo. 35; Collins v. Pease, 146 Mo.
135; State v. Whealey, 5 S. Dak. 427, 59 N. W. 211; Ex
parte Cohen, 5 Cal. 494-5; West v. Masson, 67 Cal.
169; Rittmaster v. Richner, 14 Col. App. 36, 60 Pac.
189.   (b) That the suits of Linville and Priddy against
the plaintiff were formidable attacks upon his title.
Linville v. Grier, 165 Mo. 380.   (c)   That both de-
fendants are liable, the deed containing the covenant
having been executed in 1894.  R. S. 1889, sec. 6864,
same as section 4335, R. S. 1899; Clay v. Meyer, 183
Mo. 50; Rice v. Sally, 176 Mo. 107; Rush v. Brown,
101 Mo. 586; Bank v. Hageluken, 165 Mo. 443; Nie-
meyer v. Niemeyer, 70 Mo. App. 609; Huss v. Culver,
70 Mo. App. 514; Macks v. Drew, 86 Mo. App. 224.

*Warner, Dean, McLeod & Timmonds* for respond-
ents.

A covenant to warrant and defend against lawful
claims and demands is not broken by failure to defend
against invalid and unsuccessful claims or demands.
In order to constitute a breach of a covenant to war-
rant and defend, there must be an actual or construct-
ive eviction under superior title.   Morgan v. Railroad,
63 Mo. 129; Barlow v. Delaney, 40 Fed. Rep. 97; Tiede-
man on Real Property, secs. 618, 619; Jones on Real
Property, secs. 827, 892, 893, 903, 985; 4 Kent's Com-
mentaries, 471; Cristy v. Olgis, 33 Ill. 295; Rawle on
Covenants of Title, 360; Egan v. Martin, 71 Mo. App.
60.

ELLISON, J.—This action was brought to recover attorney's fees paid by plaintiff in the defense of title to land he had purchased of defendant. There was a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiff refusing to amend, judgment was rendered for defendant.

The petition alleges a sale of lots in Kansas City, Missouri, by defendant to plaintiff, the conveyance, by a general warranty deed dated the 22d of March, 1894, containing a clause that defendant would warrant and defend the title against "the lawful claims and demands of all persons whomsoever." It is further alleged that the lots thus conveyed were a part of a large tract of land that was owned by one Thomas Jones, who died in 1843, leaving a widow, Martha, and nine children, two of the latter being Elizabeth F. Jones and Nancy A. Jones. That the former married W. P. Linville and the latter James J. Priddy. It is then alleged that in the year 1852, there was a suit in partition of said lands and that a fifty-three acre tract was set off to the widow as her dower, and that she died prior to the 22d of March, 1894, the date of defendant's deed to plaintiff.

It is further alleged that defendant's title to the lots so conveyed to plaintiff came by mesne conveyances from the widow and children, including said Elizabeth and Nancy. That the latter, in conjunction with her husband, conveyed a part of the land to one Lott Coffman on the 9th of October, 1852, and acknowledged it before a justice of the peace of Jackson county, and that Nancy and Elizabeth on the 4th of May, 1853, conveyed other parts of the land and acknowledged the deed before the Mayor of Kansas City, these deeds being made subject to the widow's dower.

It is then averred that Nancy Priddy and Elizabeth Linville died; and that long afterward a certain Linville claiming to be the heir of Elizabeth, com-

menced an action of ejectment against one Greer who was in possession claiming title to a part of said land. That Greer's title came through Thomas Jones, the same source that defendant's did. That Greer claimed that the deeds of Nancy Priddy and Elizabeth Linville were void for the reason that they were minors, and the further reason that they were not acknowledged before the proper officer. It is then alleged that the cause was tried by the circuit court and judgment rendered against Greer, but that such judgment was reversed by the Supreme Court and the cause remanded for another trial.

It is then alleged that by reason of the reversal of the judgment in the Supreme Court, it thenceforth appeared that the heirs of Nancy Priddy and Elizabeth Linville had a "substantial and lawful claim" to the property conveyed by defendant to plaintiff.

It is then averred that the heirs of Nancy Priddy and Elizabeth Linville brought an action in ejectment against this plaintiff to determine the title to the property conveyed by defendant to plaintiff, and that thereupon plaintiff notified defendant of the action, requiring him to defend if he would. It is then averred that he did not do so but that plaintiff employed attorneys for the defense of the case; that a defense was made and judgment obtained in favor of this plaintiff's title, thus defeating the title claimed to be in the heirs of Nancy Priddy and Elizabeth Linville. It is then averred that although it was determined in said suits that the plaintiffs therein were not entitled to the land, yet their claims, by reason of the matters herein set out, were "among the class and kind of claims that the defendants covenanted and warranted against." The amount of the attorney's fees and costs are then set out and stated to be reasonable, and judgment asked.

Plaintiff's claim is that the warranty clause in a warranty deed, against the lawful claims of others, means a good faith claim that *appears* to be formidable

and founded on grounds which have the appearance, though false, of a paramount title. The defendant insists that such warranty only covers a claim of title which is *in fact* paramount, and that the grantee in the deed must have been evicted or suffered what was tantamount to an eviction.

Counsel are agreed that attorneys fees may be recovered of a warrantor who has proper notice from his grantee of action against his title in which the claimant is successful (Hazelett v. Woodruff, 150 Mo. 534; Long v. Wheeler, 84 Mo. App. 101; Pineland Mfg. Co. v. Trust Co., 139 Mo. App. 209), and we will therefore proceed to state our view of the question of law above noted.

We think it would be neither just nor safe to adopt the view asserted by plaintiff. To allow the mere good faith of the grantee, based on the formidable appearance of the claim made by one assailing his title, to be the criterion governing the liability of the warrantor on his warranty against "lawful claims," would render the position of such warrantor exceedingly hazardous. The warranty is intended to cover real claims and not those which only appear to be real. The claim of the claimant must be superior to the title conveyed. It is said in 1 Jones on Real Property, sec. 985, that: "The grantor does not warrant that no one shall make a claim of adverse title, but only that no one shall make a claim which shall be adjudged valid and paramount to the title conveyed by his deed." And the same is said in Tiedeman on Real Property, secs. 618, 619, and 8 Am. and Eng. Ency. of Law, 98, 101. "The covenant does not protect against any but lawful claims which negative the title that the deed purports to convey." [Smith v. Parsons, 33 West. Va. 644.] The same view is expressed in Kane v. Fisher, 2 Watts 246, and Thorne v. Clark, 112 Iowa 548.

It is often said in speaking of such covenants, that there must be an eviction or what is equivalent thereto,

in order to create a liability against the warrantor. We have avoided making that statement for the reason that while that is the rule, there is what may be called an apparent exception to it. Thus, where the warrantor in a deed of general warranty including the covenant against "all lawful claims," has an equitable title, though in fact with a right to the legal title, a claimant holding the legal title could bring his action and fail on account of the equitable defense made by the grantee, yet the warrantor would be liable for the expense in such defense. That is justified on the ground that a grantee is entitled to a conveyance of the legal title and such outstanding legal title in a claimant is a lawful claim within the meaning of the covenant. Such were the cases of Long v. Wheeler, 84 Mo. App. 101; Meservey v. Snell, 94 Iowa 222; Yokum v. Thomas, 15 Iowa 67; Pineland Mfg. Co. v. Trust Co., 139 Mo. App. 209. The outstanding legal title is a breach of the covenant, and if asserted, it is a lawful claim, notwithstanding that, under our system, an eviction may be avoided by a showing of a superior equity.

The judgment is affirmed. All concur.