## Shepard v. Browning, et al.

(Decided December 2, 1913).

### Appeal from Barren Circuit Court.

1. Curtesy—Homestead—Right of Husband to—Abandonment.—The statute prior to 1893 gave the right of curtesy to the husband "where there is issue of the marriage born alive", and there being no issue, and the homestead right being merely one of occupancy so long as the husband lived, the conveyance by the husband operated as an abandonment of any homestead right he may have had, and the appellant took no title by his deed.

2. Deeds—Title.—Subsequent to this conveyance the three sisters of the deceased wife and their heirs and descendants joined in a conveyance of the property in controversy to S. Appellee's title comes from S. through mesne conveyances, and the conveyance of the three sisters and their heirs and descendants vested in appellee the title to the property.

C. H. HATCHETT for appellant.

H. BAIRD and BAIRD & RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On the 25th day of May, 1911, J. S. Shepard brought this action in ejectment claiming to be the owner, and entitled to the possession of the 25 acres of land described. He made Sam Browning, Mrs. Byrd Johnson and Dick Nuckols defendants. They answered denying appellant's claim. There were several amended petitions, and amended answers, and considerable amount of proof taken. After reading the record carefully, we feel it is not necessary to go into all the details, but will mention only such facts as are necessary to explain the basis of our conclusion.

It is agreed that S. C. Garner owned this land prior to the year 1893. Her husband was named S. C. Garner also, and their title deed showed some scratching and interlineation of the second party's name, and it is somewhat difficult to tell whether the conveyance was to the wife, or the husband, but the parties in interest seem to have treated it at the time as being for the wife, S. C. Garner, and ever after that so acted upon it. The wife, S. C. Garner, died in 1893, leaving the husband, S. C. Garner, surviving her. She never had any issue of her marriage born alive. Her husband remained in possession of this land until Sept. 1, 1896, when he "sold all his right, title and interest in this tract of land to H. M. Pedigo." On September 9, 1896, H. M. Pedigo sold and conveyed the same interest in the land to "A. E. Shepard," (meaning A. R. Shepard). On the 7th of January, 1899, A. R. Shepard, and R. J. Shepard, his wife, conveyed the same interest in this land to their son, appellant, J. S. Shepard. Appellant's action is based upon this last conveyance to him. This deed is in regular form, and describes the land by well defined boundary, and closes with a general warranty, but the following clause is contained in the deed after a description of the boundary: "And same conveyed first party by H. M.

Pedigo." By this language it is evident that there was conveyed, or only intended to be conveyed, the same interest in the land that they received from Pedigo which was all the interest that S. C. Garner, the husband, had and conveyed to Pedigo. Appellant insists that the above is not the proper construction of the conveyance, but his father, who made it, is still alive, and gave his deposition, swears that was the intention and meaning of it, and in our opinion all the circumstances bear him out.

S. C. Garner, the wife, died leaving surviving her three sisters as her only heirs at law, one of these being R. J. Shepard, appellant's mother. Subsequently, these sisters, or their heirs and descendants were parties to an action pending in the Barren circuit court involving this land. During the pendency of this action, and in order to settle same, on the 30th day of January, 1901, Mrs. R. J. Shepard, and her husband joined with her sisters, and heirs, and descendants in a deed to J. H. Sikes. Appellees' title comes from Sikes through mesne conveyances, and the whole question here is whether Sikes received any title from Mrs. R. J. Shepard through these conveyances, or whether in view of the fact that she joined with her husband in the prior deed to appellant, her son, she divested herself of all title to it, and hence had no title to convey to Sikes' grantors. As heretofore indicated, the deed from her husband in which she joined was merely for the purpose of conveying such interest as the husband may have had therein, either by reason of curtesy, or homestead. If in fact they knew the wife, Mrs. R. J. Shepard, had any title, it is very evident from all the circumstances such was not intended to be conveyed, and was not conveyed to her son, hence it was conveyed to Sikes. The former deed from A. R. Shepard, and wife, to their son, appellant, occasioned not the slightest change in the possession, use, or occupancy of the land. The father, mother and son lived together as a family on the land at the time they conveyed to him, and so continued to live during the next two years, or until about the time they conveyed to Sikes, when the father and mother moved to Indiana, and some time afterwards the son followed, where he remained until about two years before this action was instituted. During all this time, and the making of these conveyances, the son never interposed any objection, and with his father and mother surrendered possession, and in fact seems to have acquiesced in every transaction with refer-

ence to it. These acts clearly indicate that the son construed the prior deed to him as we have, and as his father swears was the intention of it.

The question now arises as to what title S. C. Garner had in his wife's land that he might convey to Pedigo, and which Pedigo conveyed to A. R. Shepard the father of appellant. It is evident that Garner thought he had the right of curtesy, or some interest growing out of the marriage which he had a right to convey. As above stated, there was no issue of this marriage born alive, and under the statutes then in force, no right of curtesy accrued to him. The statute applicable to such cases prior to the year 1893 gave the right of curtesy to the husband "where there is issue of the marriage born alive." The only other interest he may have had was that of homestead, and homestead right is merely one of occupancy so long as he lived. It may be waived, or abandoned, and this court has consistently held that a sale of homestead right is an abandonment of it, and Garner's conveyance, and surrender of possession to Pedigo, in law, operated as an abandonment of any homestead right he may have had. It necessarily follows that neither Pedigo, nor A. R. Shepard, nor the son, appellant, received any title by virtue of that line of conveyances. Therefore, the conveyance by the three sisters, and their heirs, and the descendants to appellee's prior grantor vested in him the whole title to the property.

Judgment is therefore affirmed.