## Hager v. Vincent et al.

(Decided March 19, 1929.)

JOHN S. DEERING for appellant.

R. L. BRONAUGH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Joseph H. Hager instituted this action against James Vincent and three other parties to obtain equitable relief. His action was dismissed on demurrer, and he has prosecuted an appeal. The petition alleged that appellant had entered into a written contract with Charles W. Masters, whereby Masters sold and agreed

to convey to him "his homestead rights" in a lot in Nicholasville. The contract was not performed, and appellant sued for specific performance, which was duly decreed by the Jessamine circuit court. Pursuant to the decree Masters executed to appellant a deed conveying to him the property mentioned. The deed was made on October 3, 1927. In the meantime James Vincent, as personal representative of Rebecca Masters, deceased wife of Charles W. Masters, had procured a judgment and order of sale of the lot in question to satisfy an alleged debt for the funeral expenses of Rebecca Masters, who died the owner of the lot. The judgment was not executed until September, 1927, when, by order of Vincent, a sale was had, and the lot was purchased by Alice Vincent, wife of James Vincent. The lot was then sold and conveyed to Linzie Murphy, who had taken possession of the property and was claiming absolute title. Facts showing that Charles W. Masters had a homestead right in the lot were alleged. He further alleged that Masters had paid the judgment, and that Vincent was in bankruptcy. The prayer of the petition was that appellant be adjudged a right to the possession of the property during the life of Charles W. Masters, and that the defendants be restrained from claiming any interest therein.

It will be observed that the appellant claims a homestead right to occupy the property derived by deed from Charles W. Masters. The homestead right of a surviving husband, in the home of his deceased wife, is one merely of occupancy and endures only during the period of occupancy by the husband himself. It may be abandoned or waived, and an attempted sale of the right constitutes an abandonment thereof. The grantee in a conveyance from the holder of such a homestead right obtains no right to occupy the property, or other interest therein. The very attempt to execute a sale of the right extinguishes it so that nothing is conveyed. Shepard v. Browning, 156 Ky. 194, 160 S. W. 950; Tobien v. Gentry, 183 Ky. 80, 208 S. W. 325; Campbell v. Whisman, 183 Ky. 256, 209 S. W. 27.

As a necessary consequence, it is clear that appellant manifested by his petition no right to relief, and the lower court ruled correctly when it sustained the demurrer and dismissed the action.

The judgment is affirmed.