THE TRAVELERS INSURANCE COMPANY, a Corporation, v. GRACE H. BEAGLES and MONROE BEAGLES, Appellants.—62 S. W. (2d) 800.

Division Two, August 12, 1933.

*Clarence A. Barnes* for appellants.

*Meredith & Harwood* and *Gardner Smith* for respondent.

570

WESTHUES, C.—This is an appeal from a judgment in ejectment against appellants and a decree vesting title in respondent to the following described real estate situated in Audrain County, Missouri:

"The East Half of the Southwest Quarter and the Southwest Quarter of the Southwest Quarter of Section 2; The Northeast Fourth of the Northeast Quarter and the South Half of the Northwest Fourth

of the Northeast Quarter of Section 10; The North Half of the North-west Quarter of Section 11, all in Township 52 North, Range 8 West of the 5th P. M.''

Respondent's, plaintiff below, petition was in two counts, the first in ejectment and the second to try, ascertain and determine the title of plaintiff and defendants to the land in controversy. Appellants, defendants below, are husband and wife. They filed separate answers consisting of a general denial and a claim that a part of the land described in plaintiff's petition constituted a homestead; that Monroe Beagles, the husband, was entitled to an inchoate right of dower in the lands and that a part of the lands was owned by defendants as an estate by the entirety.

The cause was tried before a jury and resulted in a verdict for plaintiff on the first count, for the possession of the land and $190 as damages for the occupancy and detention thereof. The rental value was fixed by the jury at $30 per month. The jury also returned a verdict for plaintiff on the second count declaring that plaintiff was the owner of the land described. After unsuccessfully moving for a new trial defendants appealed from the judgment entered in accordance with the verdict.

Plaintiff to sustain its claim introduced in evidence a quitclaim deed from E. R. Locke and wife and William F. Atkinson conveying the land to defendant, Grace Beagles. This deed was dated February 14, 1903. It purported to convey the land described in plaintiff's petition and other lands for a consideration of $12,000. Plaintiff next introduced a deed of trust executed by defendant, Grace Beagles, alone, conveying the land described to Charles W. Reeves in trust to secure the payment of certain notes to respondent, The Travelers Insurance Company. This deed of trust was dated December 13, 1924. Plaintiff then introduced in evidence a trustee's deed, dated January 24, 1930, executed by Charles W. Reeves as trustee, conveying the lands to respondent. Respondent also offered in evidence a demand' for possession which was served upon appellants on April 23, 1930. There was evidence of the rental value of the land and of damages sustained for the wrongful detention thereof by defendants.

Appellants offered evidence that they, as husband and wife, had occupied the land since the year 1903; that a granddaughter, age nine years, had made her home with them for the past seven years. Appellants then offered to introduce in evidence certain deeds, which the court on plaintiff's objections rejected. These deeds were a warranty deed dated May 6, 1926, whereby appellants conveyed a part of the lands described to one R. D. Rogers and a quitclaim deed dated the 6th day of May, whereby the land was conveyed by R. D. Rogers to appellants, James Monroe Beagles and Grace H. Beagles, husband and wife, as an estate by the entirety. Plaintiffs also offered and the court rejected a warranty deed, dated the 12th day of April, 1929.

By this deed Grace H. Beagles deeded to Monroe Beagles, her husband, an undivided one-half interest in one hundred and twenty acres of the land.

Under this evidence the trial court instructed the jury to find for plaintiff on both counts of the petition. The two principal questions presented on this appeal are: First, was the evidence sufficient to support a judgment for plaintiff as against defendants? Second, did Grace Beagles have the power to convey good title by the deed of trust without her husband joining in the conveyance? We will treat these in the inverse order.

██ By the quitclaim deed offered in evidence, dated February 14, 1903, E. R. Locke and wife and William F. Atkinson conveyed whatever title they had at that time to the lands in question and other lands to Grace H. Beagles for a stated consideration of $12,000. This deed recites that the consideration was paid by Grace Beagles. No evidence was offered to contradict the recitals of the deed. The point made by appellants that there was no proof that the recited consideration or any consideration was paid with her money or means is without merit. Unless there is proof to the contrary the recitals in a deed must be taken as true. Grace Beagles, by her deed of trust, conveyed to a trustee all of her title to the lands to secure the payment of certain notes. If she had the power to convey the title by deed without her husband joining therein then she had the right to convey the title by deed of trust. Section 2998, Revised Statutes 1929, of the Married Woman's Act, provided that:

"A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account. . . .

Section 3003 of the same act provides that:

"All real estate . . . belonging to any woman at her marriage, or which may have come to her . . . by purchase with her separate money or means, . . . shall . . . remain her separate property and under her sole control. . . ."

So far as the record discloses the real estate in question was bought and paid for by appellant, Grace Beagles. This made it her separate property with the right to convey without her husband joining in the deed. The case of Farmers' Exchange Bank v. Hageluken, 165 Mo. 443, 65 S. W. 728, is directly in point. There a married woman executed a deed of trust without her husband joining in the deed. In a suit to foreclose the deed of trust the defense was made that a married woman could not, without her husband joining therein, execute a valid deed of trust. In an opinion by SHERWOOD, P. J., adopted by the court en banc, it was held that the wife could convey a legal title without her husband signing the deed. The court in summing up the case declared that the wife "received a full, complete legal title by reason of the quitclaim deed made to her; and that she conveyed

a title of like nature when she executed the deed of trust; and further that her husband was not a necessary party in this litigation.''

The Farmers Exchange Bank case, supra, was quoted from at length and approved in Brook v. Barker, 287 Mo. 13, 228 S. W. 805, 1. c. 809. After a full discussion of the question the court speaking through DAVID E. BLAIR, J., said:

''It appears from the above cases that there is a strong trend of opinion of this court toward the view that the Married Woman's Act has completely emancipated married women in respect to their separate property and that they now have full power under the Married Woman's Act to dispose of their separate real estate without joinder of the husband in the deed of conveyance. This is the ruling in the Hageluken case clearly and unqualifiedly. Some subsequent decisions have thrown some doubt about the rule laid down in that case without in any wise overruling or even seriously criticising it.

''It is difficult to understand how full force and effect can be given Sections 8304 and 8309, Revised Statutes 1909 (Secs. 7323 and 7328, R. S. 1919), without holding that, where the wife during her lifetime has conveyed her separate real estate, the estate of the husband, both by curtesy initiate and by the curtesy consummate, in such property is thereby completely wiped out, regardless of his failure or refusal to join in her deed of conveyance. Only by so holding can her separate real estate be truly said to 'be and remain her separate property and under her sole control.' If, when dealing on her own account, she cannot contract debts which may be satisfied during her lifetime out of her separate real estate to the exclusion of her husband's present or prospective interest therein, then she cannot be truly said to be able to carry on and transact business on her own account as a *femme sole.* To declare that her husband has an indefeasible interest in her separate real estate, unless he has joined her in conveying same, is to put restrictions on her use of her separate property and to cripple her activities as a *femme sole.*''

The Farmers' Exchange Bank case was again approved in Duncan v. Duncan, 324 Mo. 172, 23 S. W. (2d) 91. Neither did the Act of 1921, now Section 319, Revised Statutes 1929, curtail the right of a married woman to convey her property without her husband joining in the deed. This question was fully considered in Scott v. Scott, 26 S. W. (2d) 598, 1. c. 600, 324 Mo. 1055, where the court said:

''The only effect of this statute is to change the character and *quantum* of interest a husband takes in the lands which his wife owned at the date of her death. It does not attempt to modify or take away the right given a married woman by the Married Women's Act to dispose of the whole title to her separate real estate without joinder of her husband in the deed of conveyance. It is evident from a reading of the statute that it does not modify or repeal the Married Women's Act.''

We find the settled law of this State to be that a married woman has the right to and can convey her separate real estate and pass good title without her husband joining in the deed or deed of trust.

■■ Appellant, Grace Beagles, having conveyed her title in the property by the deed of trust, dated December 13, 1924, could not subsequently convey any title or interest in the land that would not be subject to the deed of trust. The validity of the sale under the deed of trust was not questioned in this case. The sale, therefore, rendered ineffective any deed or conveyance made by Grace Beagles subsequent to the deed of trust. The trial court, therefore, properly sustained an objection to the admissibility of the deeds above referred to whereby Grace Beagles attempted to convey an interest in the land to her husband. Appellants in their brief say that:

"The deeds were evidence of conveyances between the parties defendant, and were properly admissible, whether followed up with proof of title from a different source, or of title antedating that attempted to be shown by plaintiff, or that the property was not the separate property of Grace Beagles."

Suffice to say in answer to this contention that appellants made no suggestion whatever at the trial that there existed any evidence of title in appellants from a different source, or of title antedating that of plaintiff, or that the property was not the separate property of Grace Beagles. From this we may take for granted that appellants possessed no such evidence. Under the evidence in the record the property was the separate property of Grace Beagles and she conveyed her title by the deed of trust and respondent acquired it at the trustee's sale.

As against appellants, respondent had the right of possession to the land. Whatever title Grace Beagles possessed, no matter from what source she obtained it, prior to December 13, 1924, was conveyed by her deed of trust as of that date. Respondent acquired this title. This was sufficient to support a judgment in ejectment against appellants. Appellants made no offer of proof showing any source of title except the quitclaim deed from Locke and Atkinson. If any other title existed appellants had the opportunity to assert it. Having failed to do so we must assume for the purpose of this case that the common source of title was the quitclaim deed mentioned. The rule was well stated in Riley v. O'Kelly, 250 Mo. 647, 157 S. W. l. c. 568 (1).

"We will dispose of these contentions in the inverse order, for if it should appear that the parties to this case as they stand upon the present appeal claimed under a common ancestor or assumed title to be well vested in a common ancestor, then it will be wholly unnecessary to inquire as to the validity of the title of such ancestor. For the only question will be upon whom that title was devolved.

"The rule is settled in this State that where the adversary parties in actions to quiet title as well as in actions of ejectment hinge their claims of title to the property in controversy upon that of a common grantor or ancestor, then the court and jury have but one issue to solve, to-wit, which of the adversary parties acquired the title under which they respectively claim? And in determining this issue it is sufficient if the record shows that the contending parties proved, admitted, or assumed a common source of title. [Harrison Machine Works v. Bowers, 200 Mo. 235, 98 S. W. 770; Charles v. White, 214 Mo. 1. c. 211, 212, 112 S. W. 545, 21 L. R. A. (N. S.) 481, 127 Am. . St. Rep. 674; Maynor v. Land Co., 236 Mo. 1. c. 728, 139 S. W. 393; Toler v. Edwards, 249 Mo. 152, 155 S. W. 26, 28.]"

Appellants also contend that the court erred in giving an instruction on the measure of damages. In plaintiff's petition it asked for $500 damages for wrongful withholding of the land by defendants, also $1,000 for rents and profits. The instruction complained of authorized a verdict for $1500 damages if any plaintiff had sustained by reason of defendants occupancy and detention of the premises. The jury assessed plaintiff's damages at $190 and the verdict recited that it was sustained by reason of the occupancy and detention of the lands. It is evident that appellants were not prejudiced by the wording of the instruction or the verdict. The evidence was ample to support the finding of the jury. The wording of the verdict is sufficient to include damages for both the wrongful detention and for the rents and profits that may have accrued during the occupancy by defendants.

Our conclusion is that Grace Beagles had the power and did convey her title by the deed of trust to the trustee free from any claim of her husband; that respondent acquired this title and was, therefore, entitled, as against appellants, to a judgment in ejectment and a decree to quiet the title. The judgment of the circuit court is affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.