In re Loretta Susanne CLARK, Debtor.

Norman E. Rouse, Trustee, Plaintiff,

v.

Washington Mutual Bank, F.A., and Loretta Susanne Clark, Defendants.

Bankruptcy No. 07–30330.
Adversary No. 07–3032.

United States Bankruptcy Court,
W.D. Missouri.

Feb. 26, 2008.

Norman E. Rouse, Joplin, MO, pro se.

Steven M. Leigh, Kansas City, MO, Chris L. Weber, Monett, MO, for Defendants.

## MEMORANDUM ORDER

JERRY W. VENTERS, Bankruptcy Judge.

The issue presented by this adversary proceeding is: Can a married woman, residing separately from her husband, grant a valid deed of trust to a creditor on her separate property without the joinder or express consent of her husband?

The Trustee contends that under Missouri law she cannot. Specifically, he argues that the deed of trust the Debtor granted to Defendant Washington Mutual Bank, F.A. on certain real property owned solely by the Debtor is void because her husband, from whom she has been separated for nearly twenty years, did not sign the deed of trust and (1) under Mo.Rev. Stat. § 474.150 a conveyance of real estate by a married person without the joinder or other written express assent of the spouse is presumed to be in fraud of the spouse's marital rights, and (2) Mo.Rev.Stat. § 513.475 prohibits a married person from unilaterally mortgaging a homestead.

Upon review of Missouri law on this issue, the Court finds that the Trustee's arguments miss the mark; the deed of trust granted by the Debtor to Washington Mutual Bank, F.A. is valid.

## BACKGROUND

The following facts are taken from the stipulation of facts submitted by the parties.

1. The Debtor, Loretta Susanne Clark, filed for relief under Chapter 7 of the Bankruptcy Code on May 21, 2007. Norman E. Rouse ("Trustee") is the trustee of her bankruptcy estate.

2. The Debtor is legally married to Andrew Clark, but they have been informally separated since 1989. Prior to the separation, the Debtor and Andrew Clark lived in California. In 1989 the Debtor moved to Southwest Missouri and has lived there ever since. Andrew Clark stayed in California and has never resided in Missouri.

3. The Debtor purchased the real estate ("Property") that is the subject of the adversary proceeding on August 7, 2003. The warranty deed by which she took

ownership of the Property recites the "Grantee" as "Loretta S Clark, a married person." Andrew Clark's name does not appear on the warranty deed.

4. The Debtor borrowed money from Washington Mutual Bank, F.A. ("Washington Mutual") to buy the Property. To secure her obligation (memorialized in a promissory note) to Washington Mutual, the Debtor granted Washington Mutual a deed of trust ("Deed of Trust") on the Property. The "Grantor" on the Deed of Trust is designated as "Loretta S Clark, a married person." Andrew Clark's name does not appear on the deed of trust.

5. The Debtor purchased the Property for the purpose of making it her homestead; it is her homestead; and she has claimed a $15,000 "homestead" exemption in the Property pursuant to Mo.Rev.Stat. § 513.475.

6. The Debtor has made all of the payments on the note to Washington Mutual; Andrew Clark has not made any of the payments on, nor is he legally bound under, the note.

## DISCUSSION

■ The Trustee's arguments in this case are based on inapplicable cases and statutes, and, moreover, fly in the face of unequivocal Missouri Supreme Court precedent stating:

We find the settled law of this state to be that a married woman has the right to and can convey her separate real estate and pass good title without her husband joining in the deed or deed of trust.[1]

■ The Trustee's argument that the Deed of Trust is void because it is presumed to be fraudulent under Mo.Rev. Stat. § 474.150.2, is inapplicable because only a surviving spouse has standing to challenge the validity of a conveyance under § 474.150.2.[2] Section § 474.150.2 provides:

Any conveyance of real estate made by a married person at any time without the joinder or other written express assent of his spouse, made at any time, duly acknowledged, is deemed to be in fraud of the marital rights of his spouse, if the spouse becomes a surviving spouse, unless the contrary is shown.

Since the Debtor is both alive and married to someone other than the Trustee, he does not have standing to attack the Deed of Trust on the basis of § 474.150.2. Permitting the Trustee to use § 474.150.2 to attack the Deed of Trust would not only violate Missouri law, but it would undermine the very purpose of the act, *i.e.,* protecting the interests of the non-conveying, surviving spouse.

Next, the Trustee's reliance on *Ethridge v. Tierone*[3] is misplaced for two reasons: (1) *Tierone* involved entireties property, whereas the property at issue here is the Debtor's separate property in which Mr. Clark has no current interest, and (2) the Plaintiff in *Tierone* was a surviving spouse with standing to challenge a conveyance under § 474.150.2; the Trustee, as previously noted, has no such standing.

■ Finally, the Trustee's argument that the Deed of Trust is invalid because Mo.Rev.Stat. § 513.475 prohibits a mar-

1. *Travelers' Insurance Co. v. Beagles, et al.,* 333 Mo. 568, 62 S.W.2d 800, 802 (1933).

2. *See JAS Apartments, Inc. v. Naji,* 230 S.W.3d 354, 360 (Mo.Ct.App.2007) ("We agree that only a surviving spouse can initiate an action to attack a conveyance as being in fraud of

marital rights.") (quoting *McDonald v. McDonald,* 814 S.W.2d 939, 946 (Mo.Ct.App. 1991)).

3. 226 S.W.3d 127 (Mo.2007).

ried person from unilaterally mortgaging a homestead also fails for two reasons. First, it fails for the simple reason that the Property is not Mr. Clark's homestead.[4] For the Property to qualify as Mr. Clark's homestead, he would have to have a present ownership interest in the Property and occupy it (or have the intention to occupy it),[5] and the facts indicate that he has neither. At the most, he has an inchoate marital interest in the property,[6] and he has never occupied or (based on the stipulated facts) evidenced an intent to occupy the property. The fact that he is married to the Debtor is insufficient, by itself, to make the Property his homestead entitled to protection under § 513.475(2).[7] Second, it fails because the Court is not inclined to permit the Trustee to use § 513.475(2) to attack the Deed of Trust for the same reason Missouri courts have limited standing to surviving spouses under § 474.150.2. The purpose of both statutes is to protect the non-conveying spouse, not provide creditors (or a bankruptcy trustee standing in the shoes of a creditor) with the means to avoid troublesome encumbrances.

Therefore, for the reasons stated above, it is

**ORDERED** that the Trustee's motion for summary judgment is hereby DE-NIED. It is

**FURTHER ORDERED** that the motions for summary judgment filed by Washington Mutual and the Debtor are hereby GRANTED. Accordingly, it is

**FURTHER ORDERED** that Washington Mutual's Deed of Trust on the Property is hereby deemed to be valid.

**SO ORDERED.**

---

4. The Court also questions whether the Trustee has standing to attack the Deed of Trust on this basis, inasmuch as § 513.475(2) appears to be designed to protect the non-conveying spouse in the same way as § 474.150.2.

5. *See In re Schissler,* 250 B.R. 697, 700 (Bankr.W.D.Mo.2000).

6. *See A.C. Drinkwater, Jr., Farms, Inc. v. Raffety,* 495 S.W.2d 450, 453 (Mo.Ct.App.1973) (holding that an inchoate marital interest does not give rise to any rights of ownership or title).

7. *See, e.g., Resop v. Farmers & Merchants State Bank,* 379 B.R. 831 (W.D.Wis.2007) (interpreting a similar provision under Wisconsin law).